STATE OF MINNESOTA *vs.* FRED SMITH.

47 475
78 220

December 9, 1891.

Bastardy — Evidence. — In proceedings under the bastardy act it is competent to show that about the time alleged in the complaint or testified to upon the trial as the day on which the complainant became pregnant, and on a different occasion, there was sexual intercourse between the parties.

Same — Verdict — Evidence. — *Held,* in this action, that the verdict was justified by the evidence.

Appeal by defendant from an order of the district court for McLeod county, *Cadwell,* J., presiding, refusing a new trial after verdict of guilty in a bastardy proceeding.

*H. J. Peck* and *F. R. Allen,* for appellant.

*J. V. V. Lewis,* for respondent.

COLLINS, J.   In the complaint herein all of the facts required by statute (Gen. St. 1878, c. 17, § 1) were set forth, (*State* v. *Snure,* 29 Minn. 132, 12 N. W. Rep. 347,) and, in addition, it was alleged that the sexual intercourse with defendant, whereby the complainant became pregnant, was had on July 12, 1890.   This statement was immaterial and unnecessary.   On the trial the date of the first intercourse between the parties was positively fixed by the state as of the date stated in the complaint, and, under objection, the complaining witness was also allowed to testify that on two subsequent occasions, and within about one week after the first, the defendant again had criminal connection with her.   The contention is that the court erred in permitting the introduction of this testimony.   The ruling below was correct.   It was perfectly proper to show the relations which existed between these parties about the time the child must have been begotten, as it had a direct bearing upon the real question in the case,—the paternity of the child of which the complainant had been delivered.   The inquiry was not as to the exact day on which it was generated.   That was immaterial, except as it bore upon the principal question, which was whether the accused was the father; and it mattered not whether it was begotten by him on July 12th or

on one of the days, subsequently thereto, on which the witness asserted he had sexual connection with her. Hence testimony as to other acts of intercourse, and generally as to the relations of the complainant and the accused, was admissible. *Holcombe* v. *People*, 79 Ill. 409; *Baker* v. *State*, 69 Wis. 32, (33 N. W. Rep. 52.) And see *Thayer* v. *Davis*, 38 Vt. 163; *Thayer* v. *Thayer*, 101 Mass. 111; *Beers* v. *Jackman*, 103 Mass. 192.

In the second part of their brief appellant's counsel argue at length that the verdict was not justified by the evidence. There is no assignment of error on which such an argument can be predicated. The first and second relate to the alleged errors in the admission of testimony, while the third is general that the court erred in refusing to set aside the verdict and to grant a new trial. But, notwithstanding this, we have gone through the testimony and can say that we find no more or greater discrepancies and contradictions than are usual in proceedings of this nature. The real question was purely a matter of fact, to be decided by the jury for or against the accused, and upon all of the testimony presented to them. We are unable to agree with counsel in their claim that there was no testimony warranting the verdict of guilty.

Order affirmed.