GEORGE A. AHERN v. CHARLES E. HINDMAN.[1]

April 26, 1907.

Nos. 15,126—(123).

**False Representations—Pleading.**

The counterclaim does not state a cause of action in damages for false representations.

**Same—Evidence.**

The evidence is not sufficient to prove that, as an inducement to secure the execution of a lease by respondent, appellant fraudulently represented that a certain road was a public way.

**Easement.**

A traveled track, or roadway, running from one to another tract of the lessor's land, and over the property of another, is not an easement appurtenant to the premises leased.

Appeal by plaintiff from an order of the municipal court of Minneapolis, C. L. Smith, J., granting a motion for a new trial. Reversed.

*A. M. Higgins* and *R. T. Boardman,* for appellant.

*Francis B. Hart,* for respondent.

LEWIS, J.

February 9, 1904, appellant leased to respondent for a period of three years and for the gross sum of $1,350, a certain farm, consisting of two tracts of land, one of a hundred and sixty, and the other of eighty acres, located about half a mile apart. This action was commenced for the purpose of recovering $112.50, claimed as rent under the terms

[1]Reported in 111 N. W. 734.

of the lease. The answer set up a counterclaim, stating the farm was rented for dairy purposes, that the buildings were all located on the hundred and sixty-acre tract, that the eighty-acre piece was used for growing hay and grain, and that at the time of making the lease there was a direct road connecting the two pieces of land; and, further:

> Plaintiff, as an inducement for the defendant to enter into said lease, represented that said road was a public way open for use; that plaintiff had acquired the absolute right to maintain said way, and agreed with defendant that, if he should lease said premises, said roadway should be kept open for his use and convenience. Relying thereon, defendant executed the lease sued upon.

The answer also stated that during October, 1905, the roadway was closed by the owner, and that respondent was damaged in the sum of $300 by reason of being deprived of the use of the road.

The only evidence bearing upon the counterclaim is as follows: Respondent was at appellant's house about the middle of January, 1904, before the execution of the lease; that he went out with appellant and looked over things, bought some stock, and appellant pointed out the road, stating that it was the way leading to the eighty acres, and that he had traveled it about thirty seven years. From such statements respondent assumed it was a public road, and did not know anything to the contrary until it was closed by the owner of the intervening land in October, 1905. Respondent further testified that after the execution of the lease appellant told him the road could not be closed, and, when the fence was put up, suggested that respondent should take an ax and chop it down; that the owner of the land had no right to close the way. Appellant testified that he did not tell respondent there was a public road there, but that he would get one laid out, and that he went to the supervisors and got a petition for such purpose; that he had always traveled the road in question without any objection until it was closed, but had never claimed or represented to respondent that it was a public way.

At the close of the case appellant moved that all of the testimony supporting the counterclaim be stricken out for the reason that the pleading did not state facts sufficient to entitle him to recover upon

such ground. The court granted the motion, whereupon respondent moved for a new trial. The court granted the motion for a new trial, and in the attached memorandum placed it upon the ground that the pleading was sufficient to charge fraud and deceit in securing the execution of the lease, and that the evidence was sufficient to sustain the allegation. Appeal was taken from this order, and appellant argued here the questions passed upon by the trial court, viz., the sufficiency of the pleading and the evidence.

There is no direct allegation in the answer charging that appellant intentionally misrepresented there was a public highway connecting the two tracts of land, and that he fraudulently induced respondent to execute the lease relying upon such misstatements. While the answer is deficient in this respect, no objection was taken to it at the trial, and it seems to have been treated by the trial court as a counterclaim founded upon misrepresentations, fraud, and deceit. Therefore, if this were the only question involved in this appeal, appellant would not be permitted to raise the question as to the sufficiency of the pleading.

But there is another question, viz., the sufficiency of the evidence to support the counterclaim conceding it to have been properly pleaded. We have above stated the purport of the evidence on the subject, and it amounts to no more than a mere observation by appellant that a roadway, or traveled track, or trail, leading from one to the other of appellant's tracts of land, had been used by him for many years, and he made no pretense that it was a road in general use by the public. There was no evidence that the so-called road amounted to anything more than a traveled track for appellant's private use, and it must have been apparent to respondent that it passed over the property of third parties. The evidence is insufficient to make out a case of fraud or deceit, and the trial court was right in striking out the evidence in that respect, but erred in granting a new trial.

Respondent insists that the way, as represented by appellant, was appurtenant to the premises leased, and that, the prospective tenant having been permitted to lease the same upon the supposition that it was an easement attached to the property granted, it must be considered as a part of the grant, and consequently the closing of the road was a breach of the covenants of the lease. Conceding that ways which are apparent and appurtenant to premises, unless reserved, pass with

the grant without express description in the deed, the facts in this case do not come within that rule. The way in question, if it be so called, is nothing more than a track leading from one farm to the other over the property of a third party, and is in no sense incident or appurtenant to the premises granted. We have been cited no authorities which bring such a condition within the rule mentioned.

Respondent again suggests that, conceding the way was not attached to the premises granted, yet if the grantor represented, or permitted the lessee to assume from its apparent location, that a road existed, and the tenant entered into the contract relying upon such fact, then a right of action arose, growing out of the contract, when the way was subsequently closed. We do not mean to infer that such a cause of action was in fact pleaded, or could be enforced, the lease being silent on the subject; and it is enough to state that no such claim was presented to, or considered by, the trial court. The case was treated and disposed of upon the theory that it was an action for damages growing out of fraud, and the merits of the proposition now urged will not be considered.

Order reversed.