## STATE v. PERCY CHARLTON.[1]

### May 3, 1907.

### Nos. 15,191—(7).

Appeal by defendant from a judgment of the district court for Goodhue county entered pursuant to the verdict directed by Williston, J. Affirmed.

*F. M. Wilson,* for appellant.

*Johnson, Mohn & Mohn,* for the State.

PER CURIAM.

The appellant was arrested and brought before a justice of the peace on the charge of bastardy. The complaint was signed and sworn to by the mother of the child, but she did not appear at the preliminary hearing, and her evidence was not taken and reduced to writing, as required by section 2040, G. S. 1894 (R. L. 1905, § 1568). After a hearing at which the defendant testified, the justice required the defendant to enter into a bond conditioned for his appearance at the next general term of the district court. When the case came on for trial in the district court, the defendant moved to dismiss the action on the ground that the justice court obtained no jurisdiction, because of the failure to take the testimony of the complainant as required by the statute. The motion was denied, and the defendant appealed from a judgment entered upon a verdict of guilty.

The justice court had jurisdiction over the subject-matter and the person of the defendant. The statute required the testimony of the complainant and other witnesses to be reduced to writing, and, further, when the case came on for trial in the district court, this examination was required to be read to the jury, if demanded by the accused. This provision is not jurisdictional. It is for the benefit of the defendant, and he may waive its provisions, either expressly or by conduct. In this case the defendant testified in the justice court. He made no objection to a hearing in the absence of the complainant.

[1] Reported in 111 N. W. 733.

He knew that it was physically impossible for her to be present, yet he made no application for a continuance of the hearing. He entered into a bond for his appearance at the district court, and thereafter complied with these conditions.

Judgment affirmed.