## STATE v. BERNIE PETERSON.[1]

October 27, 1922.

No. 22,992.

**Juvenile court judge may order prosecution of delinquent child for crime.**

1. Under the Juvenile Court Act (section 21, c. 397, Laws 1917), the judge of that court may order the county attorney to prosecute a delinquent child 12 years old or over for crime. Such order need not be filed in the court where the prosecution is instituted.

**Constitutionality of law immaterial in this case.**

2. Appellant's attack on the constitutionality of the Juvenile Court Act, if sustained, could not overturn the trial in this case.

**Procedure in prosecution of delinquent child.**

3. When the juvenile court orders a delinquent child to be prosecuted for crime, the court where the prosecution is had must proceed in accordance with the practice governing trials for crimes or misdemeanors.

**Reckless driving of automobile resulting in death.**

4. The jury were properly informed of the statute regulating the speed of automobiles, since the jury could find the existence of conditions in the road to which the statute was applicable. The charge against defendant being that he drove an automobile in a culpable, negligent manner and at unlawful speed against a person, causing death, it was permissible to call attention to any law that bore on the alleged negligent driving, even though not specially set forth in the indictment.

**Charge to jury as to age inaccurate.**

5. The instruction requested in respect to defendant's age was not accurate.

**Charge to jury as to possession of all faculties by injured person.**

6. The defendant was not entitled to an instruction that he had a right to assume the person hit to be in possession of all his faculties.

[1]Reported in 190 N. W. 345.

**Refusal to instruct as to defendant's failure to stop after accident.**
> 7. Since the court limited the culpable negligence of defendant to the question of a violation of the speed statute, there was no prejudicial error in refusing to give an instruction upon the failure of defendant to stop after the collision.

**New trial not granted because of intemperate statements by prosecutor.**
> 8. Intemperate statements of the prosecuting attorney are disapproved, but they do not call for a new trial.

Defendant was indicted by the grand jury of Jackson county charged with the crime of manslaughter in the second degree, tried in the district court for that county before Dean, J., and a jury which returned a verdict of guilty as charged in the indictment. Defendant's motion for a new trial was denied. From the judgment sentencing him to the state reformatory, defendant appealed. Affirmed.

*B. E. Grottum* and *Thompson, Hessian & Fletcher*, for appellant.

*Clifford L. Hilton*, Attorney General, and *James E. Markham*, Assistant Attorney General, and *E. H. Nicholas*, County Attorney, for respondent.

HOLT, J.

Defendant was tried upon an indictment charging manslaughter in the second degree. A verdict of guilty as charged was rendered. He appeals from the order denying his motion for a new trial.

Shortly before 8 o'clock in the evening of September 10, 1921, defendant drove an automobile at great speed against Mads Hansen, who was walking, inflicting injuries from which death almost immediately resulted. Defendant was driving a heavy and powerful car down a winding hill towards the southerly bridge which crosses the Des Moines river in the city of Jackson. Hansen's hearing was somewhat impaired, otherwise he was active, alert and accustomed to crossing streets and highways on which cars were operated. The evidence plainly indicates a reckless driving of the car by defendant under the conditions then existing, and we do not understand that the verdict is challenged on the ground that it is not

supported by the evidence, provided the court did not err in refusing to submit some issues requested by defendant. No further reference to the testimony as to the occurrence will be made, except as it may become necessary in considering certain assignments of error.

Defendant lacked 18 days of being 16 years old when Hansen was killed. Under the law the judge of the probate court of Jackson county, where the injury occurred, was the judge of the juvenile court of that county. Defendant, when taken into custody, was brought before that judge and he made an order directing the county attorney to proceed against defendant in accordance with the criminal laws of the state. The order was not filed in the district court, but defendant was bound over to the grand jury, and this indictment and trial followed.

Section 21 of the Juvenile Court Act (chapter 397, p. 570, Laws 1917, G. S. 1917 Supp. [7196] 21) reads: "The adjudication of a juvenile court that a child is delinquent shall in no case be deemed a conviction of crime; but the court may, in its discretion, cause any alleged delinquent child of the age of twelve years or over to be proceeded against in accordance with the laws that may be in force governing the commission of and punishment for crimes and misdemeanors, or for the violation of municipal ordinances, by an order directing the county attorney to institute such prosecution as may be appropriate." We need not consider whether all persons under 18 years of age are so under the protection of juvenile courts that no prosecution for crime against them may be instituted without the permission of the judge of said court, but it may be suggested that such courts have no jurisdiction over any child until a petition is filed charging it with delinquency or dependency. However, in this case defendant was brought before the juvenile court, and that court made the order directing the county attorney to prosecute under the criminal laws of the state. The law does not require this order to be filed in the district court. In the absence of such a provision it would seem that, if filed at all, it should be on file in the court where made.

Appellant also seems to attack the constitutionality of the Juvenile Court Act on the ground that it discriminates against children in counties where the probate judge is the juvenile court, in that a jury trial cannot be there had while it may be had where a judge of the district court functions as the juvenile court. But a ruling that the act is unconstitutional, in whole or in part, would not free defendant from a trial upon an indictment, and the question broached need not now be decided.

Error is assigned in overruling motions made in behalf of defendant for a trial by the district court on a charge of delinquency. The contention is that no one under 18 years of age can now be tried for a crime, but must be dealt with as a delinquent. The plain reading of section 21, above quoted, is so clearly to the contrary that there is no room for argument. We think the steps taken in regard to defendant complied with both the letter and spirit of the Juvenile Court Act.

Complaint is made because the court, in charging the jury, read not only the first part of section 2635, G. S. 1913, as amended by section 1, c. 475, p. 814, Laws 1917, but also that part beginning with the words: "If the rate of speed of a motor-vehicle, operated on any public highway in this state in going around a corner or curve in a highway, where the operator's view of the road traffic is obstructed, exceeds six (6) miles per hour," etc. It is the contention that a violation of this part of the section was not stated in the indictment and that in the lay of the street or road approaching the point of collision there can be found no "curve or corner." The charge in the indictment was manslaughter through culpable negligence in the operation of the automobile which struck and killed Hansen. It does not intend to charge the violation of a speed law, except as apprising defendant of the way in which the state claimed the homicide occurred. The manner in which the negligence of defendant was manifested is, perhaps, stated in the indictment with greater particularity than required, but we think it permissible to call the jury's attention to any general statute intended to regulate the operation of an automobile in a case of this character, when the evidence reveals a condition to which the

law is applicable, even though not specifically alleged in the indictment. State v. Goldstone, 144 Minn. 405, 175 N. W. 892; State v. Hines, 148 Minn. 393, 182 N. W. 450. The corner or sharp curve was some 1,100 feet from the bridge where Hansen was struck. But the road from the curve to the bridge was somewhat winding and not free from obstructions to the view of the driver. Again, before entering the bridge, the river boulevard must be crossed at an angle, and the narrow bridge with overhead truss-work was not in a straight line with the road upon which defendant was approaching. We think it was properly left to the jury to find whether there was such a curve or corner so near the place of the accident that heed should be given to the provision of the statute to reduce the speed to 6 miles an hour.

The court refused to give an instruction that the jury should consider defendant's age in reaching a verdict. Error is assigned thereon. Where intent is an ingredient of the crime charged, the age and mentality of the accused should be taken into account. This may also be true where judgment and understanding affect the criminality of the acts of the accused. In this case, however, intent was not involved. Nor was there lack of knowledge or understanding. The evidence was undisputed that defendant was a capable automobile driver of 3 years' experience, perfectly acquainted with the road and the conditions surrounding the locality where Hansen was struck down. His conduct and testimony also indicate that he is quite mature for his age. Moreover, the court submitted the case on the ground that the conviction depended upon whether defendant violated the speed law as found in said section 2635, G. S. 1913, when Hansen was struck. Intent or knowledge is not an ingredient of an offense against that statute. Having narrowed the charge in the indictment in this manner, there was no error in declining the requested instruction.

Error is also based on the refusal to instruct the jury, in effect, that defendant had a right to presume that Hansen was in possession of all his faculties in the absence of knowledge that he was hard of hearing. Neither the blind nor the deaf are forbidden the public highways, and drivers of automobiles must be charged with

knowledge that persons afflicted in some degree with the infirmities mentioned, or otherwise handicapped, do use such highways, and must regulate their driving accordingly. An automobile gliding swiftly down a hill makes little noise. Defendant made no attempt to warn Hansen. Moreover, contributory negligence of the victim should not be a defense in a prosecution by the state. Reg. v. Kew, 12 Cox C. C. 355; Reg. v. Jones, 11 Cox C. C. 544; although the contrary was thought to be the law by the trial judge in Reg. v. Birchall, 4 F. & F. 1087.

The evidence disclosed that defendant did not stop after striking Hansen. He turned off the street, a short distance the other side of the bridge, went back to his home located on the east side of the river by going up to the north bridge, told his sisters to go and tow the car home with another machine his mother owned, giving as an excuse that the car would not start. The sisters did as he requested, but found no difficulty in starting the car. They too went by the north bridge. Defendant requested this instruction: "The jury are instructed that the fact that defendant did not at once go back to the place of the accident does not constitute manslaughter or any element thereof, and in whatever consideration you give it you must judge it in the light of his youth, his inexperience and his excited state of mind. He is not to be judged in that particular as if he were a full grown man." Defendant was not entitled to a statement from the court that he was inexperienced and excited, nor that he was not to be judged as if he were full grown. On the facts in this case he was no doubt entitled to an instruction that his conduct after striking Hansen could not be an ingredient of the crime he was on trial for. There may be cases where a failure to comply with section 2636, G. S. 1913, would enter into the offense, for example, where the one hit was so injured that if assisted at once death could be prevented. This was not such a case. Hansen was beyond human aid after struck, and incapable of receiving the information the statute intended the driver should impart to the injured person. But, as stated, the requested instruction went too far and its refusal cannot be held ground for a new trial.

A new trial is asked because of misconduct on the part of the county attorney. It is deplorable that, notwithstanding the many and pointed disapprovals of this court, prosecuting attorneys will persist in brow-beating an accused upon cross-examination and in vicious denunciation to the jury. State v. Clark, 114 Minn. 342, 131 N. W. 369; State v. Bernstein, 148 Minn. 301, 181 N. W. 947; State v. Kampert, 139 Minn. 132, 165 N. W. 972. Fairness to the accused is the attitude of the state. The prosecuting attorney's endeavor should be likewise, since he is the mere agent or representative of the state. The abler the state's attorney is, the more serious seems the offense when the line of proper conduct is transgressed. It is true that the evidence offered some talking points, in that defendant failed to go to the assistance of the person he struck, that he tried to escape detection, and that he went to attend a dance a few hours after he had been the cause of taking human life. But even so, it does not justify an assertion to the jury "that the boy could cut your heart out and never bat an eye * * * the defendant in this case has criminal instincts and that he has criminal tendencies." However, the court admonished the jury, when the remarks were made, that intemperate statements or arguments should be disregarded. Because of this and the fact that the evidence of guilt is so clear and convincing that no fairminded jury could reach any other verdict than the one returned herein, we deem the alleged misconduct insufficient ground for a new trial.

The order must be affirmed.