# ALICE AND STEPHEN F. DOODY v. ST. PAUL CITY RAILWAY COMPANY.[1]

December 31, 1936.

No. 31,083.

[1]Reported in 270 N. W. 583.

*Samuel A. Anderson* and *Russell M. Carlson,* for appellants.
*C. J. Menz* and *A. J. Donnelly,* for respondent.

HOLT, JUSTICE.

The appeal is from an order denying the combined motion of plaintiffs for a new trial after verdicts for defendants. Alice Doody is the wife of Stephen Doody. Each sued defendant for damages, Alice for injuries received in a fall when carried as a passenger by defendant on its streetcar in St. Paul; and Stephen for consequential damages sustained by him on account of his wife's injuries. Counsel for appellants frankly concede that the question of defendant's negligence was for the jury, and that the verdicts cannot be disturbed unless the errors assigned upon court's instructions and refusal to instruct require a new trial.

In order to understand the bearing of the instructions given and refused, the versions of plaintiff and defendant of the mishap should be given. On December 22, 1934, at about 11:17 o'clock in the forenoon, Alice Doody was a passenger on defendant's streetcar approaching Dale street. from the east on University avenue. In about the middle of the block plaintiff rang the bell to get off at Dale street, a near stop. She testified that she was seated alone on the rear left long seat; that the conductor stood by the fare box; that one person only was seated opposite her on the rear right long seat; that as the car came to a full stop she arose, and, as she lifted her right foot to step to the exit door and gates, the car started with a jerk which threw her down, causing certain bodily injuries. The conductor testified that after she rang the bell she arose while the car was moving slowly and fell and was helped to her feet before the car stopped; that the car was operated smoothly and without jerking. The person who sat opposite Mrs. Doody, the city clerk of Red Wing, corroborates the conductor as to what happened, and so in part does the motorman.

Error is assigned upon the refusal to give the requested instruction No. IV.

"In the event that you find that the car had stopped at Dale street to enable plaintiff to alight and that, as she arose from her seat in the act of alighting, the car was started or jerked, and that such starting or jerking caused her to fall, then I instruct you that there would be no evidence that plaintiff herself was negligent."

A court is not required to give requested instructions, even though accurate and applicable, if in different language the same principle of law is embodied in the charge. It was perhaps not quite proper for the court to say if the jury found certain facts with respect to the operation of the car and the conduct of plaintiff that there was no evidence that she was negligent. There might be matters which in connection with those mentioned in the requested instruction would tend to establish her negligence. This instruction given seems as favorable or more so to plaintiff than the one refused:

"The defendant, St. Paul City Railway Company, was at the time and place of said accident aforesaid, a carrier of passengers for hire and as such was bound to exercise the highest degree of care towards the plaintiff Alice Doody, a passenger on the car before mentioned, consistent with the nature of its undertaking * * *, and if you believe from all of the evidence that the defendant's servants in charge of the said streetcar failed to exercise that degree of care towards the plaintiff Alice Doody in starting the car under the circumstances claimed by the plaintiffs, then you must find that the defendant was negligent, and if you find that such negligence was the proximate cause of the plaintiff Alice Doody's injuries, the plaintiffs should be entitled to recover in these actions."

This is virtually telling the jury that if her testimony is accepted there was no defense.

Exception to the charge when given was thus taken:

"Plaintiff excepts to the submitting to the jury the question of contributory negligence in connection with the part of the instruction having to do with the car having stopped before she arose

from her seat, this exception being taken upon the ground there is no evidence creating any issue of fact as to contributory negligence. I further except to the submission of any question of contributory negligence in these cases, even in connection with the theory that she arose from her seat while the car was slowing down and stopping."

We think the first exception is not justified because, from the part of the charge quoted in the preceding paragraph, the jury were told that plaintiff was entitled to recover if her claim was found true that she arose to alight after the car stopped, and then the car was started or jerked before she was given a reasonable time in which to alight, provided the negligence of defendant was the proximate cause of her fall. The objection contained in the latter part of the exception, *viz.*, that defendant had made no issue for the jury on Mrs. Doody's alleged contributory negligence, is further urged by exceptions to the charge made in the motion for a new trial and by the assignments of error on this appeal.

It is questionable whether the assignments of error upon the charge of the court present anything for review. No specific portion thereof is assigned as erroneous or inaccurate. But, judging from the second sentence of the exception taken before the jury retired and from plaintiffs' brief, we take the claim to be that the evidence did not justify the submission of the defense of contributory negligence. We all have had experience as passengers on streetcars. Even when the track is clear and the motorman is one of the most experienced and capable, there is a perceptible jerk in turning the controller from notch to notch. It is not practical to require all passengers to be seated before the car is set in motion, nor that all remain seated until it stops. The ordinary able-bodied passenger does not hesitate to walk from the entrance to a seat, or leave his seat and walk to the door or gates, while the car is in motion. There are straps, handholds on the cross seats, stanchions at the fare box and in the front entrance of some cars, handrails and doorjambs where passengers moving about when a car is in operation may steady themselves. Vehicles and persons often dart in front of streetcars unexpectedly, and their movement must be

checked suddenly to avoid collision. A jerk under such circumstances seems unavoidable. All this must be realized by a passenger who undertakes to move about when the car is in motion. Some care and forethought must be exercised by a passenger for his own protection. Mrs. Doody was encumbered with some packages in her arms, one being a "percolator," presumably of some size. Indeed, this instruction requested by plaintiff and given by the court implies that plaintiff was bound to use ordinary care:

"If you find that the car was given an unusually hard jerk as it was being slowed down to stop and as plaintiff rose from the seat in preparation to alight and that plaintiff, in the exercise of ordinary care for her own safety could not be said to have had reason to anticipate any such unusually hard jerk, then she cannot be charged with negligence in leaving her seat while the car was being slowed down in preparation to stop."

Plaintiffs' second requested instruction also implied that the jury were to judge of the absence of negligence on her part. We think there was no error in submitting the issue of plaintiff's contributory negligence upon all the evidence. Plaintiff cites Wicker v. North States Const. Co. Inc. 183 Minn. 79, 235 N. W. 630; Engholm v. Northland Transportation Co. 184 Minn. 349, 238 N. W. 795; Hoffman v. City of St. Paul, 187 Minn. 320, 245 N. W. 373, 86 A. L. R. 198; Jacobsen v. Ahasay, 188 Minn. 179, 246 N. W. 670. All of these cases relate to guest passengers in automobile collisions who had no control of either vehicle and who did nothing to bring on the injury or accident. Cogin v. Ide, 196 Minn. 493, 265. N. W. 315, also cited, was a case where a pedestrian first in a street intersection was struck by an automobile, and it was held that the evidence did not warrant the submission of the defense of contributory negligence. There is much in the case at bar resembling the one of Underdahl v. Minneapolis St. Ry. Co. 193 Minn. 548, 259 N. W. 78, justifying the submission of defendant's negligence as well as plaintiff's contributory negligence.

Two assignments of error go to the use of the words "stumble" and "hazardous" in certain sentences of the charge. It is said the

evidence did not justify the use of those words. No exception was taken to the use of either one before the jury retired. If the word employed was not the right word the court's attention should have been seasonably called thereto so that a proper correction could be made. Moreover, we are of opinion that in the connection used there was no likelihood that either party's rights would be prejudiced or that the jury would be misled.

The order is affirmed.

MR. JUSTICE STONE took no part in the consideration or decision of this case.

MR. JUSTICE PETERSON, not having been a member of the court when this case was argued and submitted, took no part in its consideration or decision.

[1]Reported in 270 N. W. 608.