## ANNA HONAN v. MYRTLE KINNEY.[1]

June 23, 1939.

No. 31,979.

[1]Reported in 286 N. W. 404.

*Borchert & Metcalf* and *Leach & Swore,* for appellant.
*R. S. Thornton,* for respondent.

HOLT, JUSTICE.

Plaintiff fell into an abandoned but unfilled cesspool while a guest of defendant's tenant at 615 Douglas street in Alexandria, this state, and was injured. Defendant bought the premises in 1926 and occupied the same as a home. At that time there was no city sewer in Douglas street, but a cesspool upon the lot took care of the sewage from the dwelling. About two years later the city built a sewer along Douglas street, and defendant at once connected therewith, and abandoned the use of the cesspool. In 1932 she and her family moved to Osakis, and since then 615 Douglas street has been occupied by tenants. In 1933 the premises were let to Melville Johnson, who still occupied the same under a verbal lease from month to month. Defendant made no agreement to keep the premises in repair, but the evidence discloses that she did make repairs from time to time. Defendant's husband acted for her in dealing with the tenant Johnson.

Plaintiff, an aunt of Mrs. Johnson's, went from St. Paul to the Johnson home to spend the Fourth of July, 1936. Shortly before eight o'clock on the evening of July 5, Mr. Johnson had his car on the driveway of the premises to take plaintiff to a meeting near by. Plaintiff came out of the house and crossed over the driveway

in front of the car to enter its right front door. As she stepped upon the sod near the hood of the car the ground gave way, precipitating her to the bottom of the cesspool. The fire department was called, and by means of a ladder plaintiff was extricated. She was so injured that she had to remain at the Johnson home until the fall. This action followed. The complaint as amended is based on the theory that the cesspool was a concealed danger or trap, the existence of which defendant knew but negligently failed to disclose to the tenant Johnson. There was a verdict against defendant for $850. She appeals from the order denying her motion in the alternative for judgment notwithstanding the verdict or a new trial.

The main contention of defendant is that she is entitled to judgment. The general rule is that where there is no covenant or agreement by the lessor to keep the leased premises in repair he is not liable in tort to the tenant or his invitees for dangerous conditions or defects therein. But to this rule there is an exception that where there exists on the leased premises a hidden danger or trap known to the lessor but unknown to the tenant there is a duty on the lessor to disclose its existence to the tenant; failure so to do may constitute actionable negligence. This is the established law in this state by Ames v. Brandvold, 119 Minn. 521, 138 N. W. 786; Keegan v. G. Heileman Brg. Co. 129 Minn. 496, 152 N. W. 877, 878, L. R. A. 1916F, 1149; Normandin v. Freidson, 181 Minn. 471, 233 N. W. 14. This exception to the general rule is thus stated in the Keegan case [129 Minn. 500]:

"If there is a concealed trap or danger on the premises at the time of the leasing and its existence is not obvious but is known to the lessor and unknown to the lessee, the lessor is in duty bound to disclose it, and he is liable for negligent failure so to do, even though he makes no covenant or contract to make repairs."

Defendant and her husband knew that the cesspool was there. They had caused the connection therewith to be cut off and had connected the sewage drain from the house with the city sewer. They had not filled in the abandoned cesspool. They admit that

Johnson was not informed of its existence, and it was not discoverable by any examination of the surface of the lot. That an owner, who, when he abandons the use of a cesspool like this, over 20 feet deep, covered with sod so as to make it resemble the rest of the ground, neglects to fill it, would seem to be almost criminally negligent; for no matter what covering is placed over a deep hole in the ground the elements affect it so that sooner or later it will give way. Even though the evidence fails to show that defendant or her husband knew how the cesspool was built or what the covering was, we think the jury could find that both knew a potential danger lurked in the unfilled cesspool, and that it was negligence not to inform Johnson of its existence when the premises were let to him. We do not think defendant should have judgment notwithstanding the verdict.

The assignments of error upon which a new trial is asked relate to exceptions taken to parts of the charge and to the refusal to give four requested instructions. After a general statement as to issues to be determined and the burden of proof, the court said:

"The owner or occupant of premises is bound to exercise ordinary or reasonable care to keep them in safe condition for those who come upon them by his express or implied invitation. The question, ladies and gentlemen, that you will have to answer is this: Was this cesspool a trap, a concealed danger? If you answer it 'yes' then you must find for the plaintiff because then she [defendant] is guilty of negligence in not disclosing its existence and in leaving it in the condition it was when this accident happened. If you answer it 'no' that it is not a trap or concealed danger, then that ends this case."

It is unfortunate that the first sentence was injected into the charge, for it is really out of place in this case. However, it may be regarded as eliminated by what follows, narrowing down the issues to the one question, whether or not the abandoned cesspool was a concealed trap or danger which it was defendant's duty to disclose to her tenant. We do not overlook that the issue was too restricted in the question the jury was to answer, in the failure

to include the necessity for plaintiff to prove that defendant knew that the cesspool was a hidden trap when the premises were let to Johnson. But that defect was remedied by giving what was proper law in defendant's requested instructions, *viz.:*

"You are instructed that in a case of this kind, where there is no evidence of an agreement by the landlord to maintain the premises in reasonable repair, there is no liability on the part of the defendant in this case unless it appears from all the facts and circumstances that she is guilty of fraud or concealment of a hidden danger. The lessee takes the premises as they are, in the absence of an agreement to repair, and unless there is fraud or concealment on the part of the landlord in failing to give notice of a hidden danger of which the landlord has knowledge, there is no liability on the part of the defendant. * * *

"You are instructed that in plaintiff's amended complaint she alleges that on the date of this accident the timber supporting the said roof of said cesspool had become rotten and said cesspool had been neglected to be repaired or renewed or to be filled in by the defendant, though the defendant knew that the planks would become decayed, rotten, and weaken so that it would fall in. The plaintiff further alleges in her amended complaint that the defendant knew that the roof of the same would become decayed, rotten, and weakened and liable and subject to falling in. That the said defendant knew this condition at the time the lease was entered into but negligently failed to inform the tenant of the existence of such cesspool or the condition thereof. You members of the jury have heard the evidence in this case, and it is for you to determine whether or not the allegations which are set out and alleged in the complaint are borne out by the evidence in this case."

We think the above extract from the charge not only rectifies what was amiss in the part first above quoted, but also incorporates sufficiently the four requested instructions insofar as the same accurately state the law. We are not justified in granting a new trial for errors in the charge or refusal to give defendant's requested instructions 2, 3, 4, and 5.

The order is affirmed.

Mr. Justice Hilton, being incapacitated by illness, took no part.

