ANNE MURPHY v. BARLOW REALTY COMPANY AND
OTHERS.
DINAH ZELICKSON v. SAME.[1]

December 29, 1939.

Nos. 32,166, 32,167, 32,168, 32,169.

[1]Reported in 289 N. W. 567.

*Sexton, Mordaunt, Kennedy & Carroll* and *Orr, Stark & Kidder,* for appellants.

*Maugridge S. Robb* and *Kyle & Kyle,* for respondents.

STONE, JUSTICE.

Two cases, one, No. 32,166, for personal injuries, and the other, No. 32,169, for wrongful death. In each the defendants Barlow Realty Company and Red River Lumber Company appeal from orders striking portions of their separate answers.

The cases arise from the same accident—the collapse of a floor in a building—considered in Murphy v. Barlow Realty Co. 206 Minn. 527, 289 N. W. 563. Reference is made to that decision for some details, narration of which need not be repeated. It is enough for the present that Anne Murphy, plaintiff in No. 32,166, alleges that at the time of the accident she was "a member of the class for whose use said building was constructed, was lawfully upon said premises for the purposes for which said building was prepared, at the place and position by the Defendants made to appear safe, and without knowledge of said defects, danger or the existence of said trap, either by warning of Defendants or otherwise." Dinah Zelickson, as special administratrix of the estate of Max Zelickson, deceased, plaintiff in No. 32,169, makes similar allegations as to her late husband.

These allegations accompany others that defendants had deliberately constructed a "trap," the springing of which in the collapse of the floor resulted in the injuries. The Barlow Realty Company and the Red River Lumber Company are sued apparently as joint owners of the building, and Ernest M. Ganley Company, Inc. as the constructing contractor employed by his codefendants to reconstruct the building, and whose negligence therein is alleged to have been of the same deliberate and wilful type as that of his codefendants.

Stricken below were paragraph 3 of the Barlow Realty Company's answer and paragraph 5 of that of the Red River Lumber Company. The two are so nearly alike in substance that we quote only from the answer of the Red River Lumber Company.

"Alleges that on the date of said accident and for a period long prior thereto said premises were occupied by Morris Fruit Company, a corporation, as lessee, under a written lease wherein Barlow Realty Company was lessor and wherein it was provided that said lessee leased said premises 'just as they are, without any liability or obligation on the part of the lessor of making any alterations, improvements or repairs of any kind on or about said premises or the buildings of which they are a part,' and wherein it was further specified that said lessee, Morris Fruit Company, covenanted at its own expense to keep and maintain said premises in good repair and agreed to hold and save harmless the lessor from any damage either to person or property due to or resulting from the said demised property however arising or occurring."

There is argument for appellant that, all else aside, the stricken averments were relevant as introduction to the defense, pleaded later on that each defendant and the Morris Fruit Company were engaged in the due course of business in furtherance of a common enterprise or the accomplishment of the same or related purposes in operation on the premises where the injury was received, at the time thereof. The effort is to bring defendants within 3 Mason Minn. St. 1938 Supp. § 4272-5. If the plea of common enterprise or related purpose is true, plaintiffs are barred from prosecuting this action.

The pleadings show that neither defendant could have been engaged at the time of the injuries and on the premises in accomplishment of the same or any related purpose with the Morris Fruit Company. The latter was lessee and in possession of the premises. Neither defendant was in possession or control. The pleadings do not show that, except for their ownership subject to the lease, the defendants, or either of them, had any purpose

of business or otherwise on the premises. Therefore we hold, as matter of law, that the same or related purpose provision of the workmen's compensation act is out of the case. It is too clear for comment that there was no common enterprise. So neither clause of the statute even tends to justify the presence in the answers of the portions stricken. Tevoght v. Polson, 205 Minn. 252, 285 N. W. 893, is one of the latest decisions on this point and reviews many of its predecessors.

■ But that is not all. Each answer contained a general denial and alleged as supposed new matter that the injury for which suit is brought was caused or contributed to by negligence of the Morris Fruit Company, the lessee. Suppose that, whatever the evidence for plaintiffs may be, defendants offer to prove that the defect was not one of construction, but was rather and wholly the result of negligence of the lessee in inspection and repair. Clearly, such evidence would be admissible under the general denial. Equally so would be evidence that the sole proximate cause of the floor's collapse was some positive and wilful act of the Morris Fruit Company, for which neither defendant would be liable.

Matter such as that stricken can be justified in an answer only when it is new matter constituting a defense in the nature of confession or avoidance.

"In other words, it is matter which, admitting the facts alleged in the complaint to be true as facts, avoids their legal effect or operation and defeats the action, in whole or in part. Facts which are inconsistent with the existence of the facts alleged in the complaint are never new matter. Facts which, if proved, would not tend to disprove any of the allegations of the complaint, but would simply avoid the legal conclusions otherwise to be drawn therefrom, are termed 'new matter' because they are new to the case as presented by the complaint." 5 Dunnell, Minn. Dig. (2 ed.) § 7578.

That is but another way of stating the "well established rule" that a "general denial puts in issue every fact included within

the allegations of the petition which the plaintiff is bound to prove in order to recover. And so, any fact which goes to destroy, not to avoid, the plaintiff's cause of action is provable under the general denial." 21 R. C. L. p. 566.

Upon plaintiffs is the burden of proving not only the wrongful acts charged, but also that they were the proximate cause of plaintiffs' damage. A general denial puts in issue not only the acts of defendants and their nature, but also their alleged agency of proximate causation. The general issue therefore reaches both elements of plaintiffs' case—(1) defendants' wrongful action or nonaction, and (2) its operation as proximate cause.

Nothing in the stricken averments went beyond that area of issue and proof. Nothing therein tended to admit, and then by new matter to avoid, plaintiffs' case. All thereof operated rather to destroy—to show that there never was a case. If the wrong to plaintiffs was exclusively the act of the Morris Fruit Company, proof of that fact would show that defendants had not wronged plaintiffs. Hence such proof was admissible under the general denial. If some wrong done by the Morris Fruit Company was a factor merely contributing to plaintiffs' hurt, it might have been ground for a motion to bring it in as a party. So long as it is not a party, its mere contribution to the alleged wrong is immaterial. If its wrongdoing is the sole cause, that is provable under the general denial.

■ In these cases we have construed the complaints as pleading that defendants deliberately constructed and concealed a dangerous "trap," known to the owners and concealed from their tenant. The landlord is liable in such a case to anyone rightfully on the premises for injuries sustained by reason of the effectually concealed work of his own negligence although he is under no contractual duty to inspect, repair, or keep in repair. Keegan v. Heileman Brg. Co. 129 Minn. 496, 152 N. W. 877, L. R. A. 1916F, 1149; Ames v. Brandvold, 119 Minn. 521, 138 N. W. 786; Honan v. Kinney, 205 Minn. 485, 286 N. W. 404.

The result is that if at the trial of these actions the plaintiffs cannot prove the specific kind of negligence which they allege,

and then resort to something different in the way of proof, in response to which defendants may have, in the lease or otherwise, something in the nature of real confession and avoidance, there would be for plaintiffs a material variance. If the result, in such case, is an amendment of the complaint, defendants of course may have a right so to amend their answers as to meet the changed position of plaintiffs. Such a contingency will present questions which will be for the trial court to decide when and if they arise.

Because in the matter eliminated from the answers there was nothing of new matter admitting or tending to admit the essentials of the complaint and then going on to avoid their legal effect, and because also everything attempted to be set up by the stricken paragraphs may be proved under the general denial, we hold that the order striking them was not error.

Affirmed.

