## STATE v. WILFRED BECKER.[1]

May 11, 1950.

No. 35,040.

[1]Reported in 42 N. W. (2d) 704.

*O'Hara & Beneke,* for appellant.

*Sam G. Gandrud,* County Attorney, and *Leland A. Olson,* Assistant County Attorney, for the state.

THOMAS GALLAGHER, JUSTICE.

Illegitimacy proceedings were instituted against defendant Wilfred Becker on August 10, 1948, in justice court of Meeker county by the filing of a complaint therein. Defendant appeared therein on August 11, 1948, to answer the complaint.

The justice's return sets forth that at that time defendant was present with his father and waived examination and the reading of the complaint; that the state appeared by the county attorney of Meeker county; that defendant was bound over to the October term of the district court and ordered to give bail for his appearance thereat in the sum of $1,000; that defendant thereafter filed his recognizance in such sum with sufficient sureties for such appearance and complied with the conditions thereof. The recognizance was signed by defendant, his father, and one other person.

On October 18, 1948, at the opening of the October general term of the district court of Meeker county, defendant appeared with

counsel, but the case was continued until the April 1949 term of such court because the child was then unborn. At the October term, defendant raised no objections to the proceedings in justice court.

At the call of the April 1949 calendar on April 18, 1949, defendant again appeared with his counsel. The latter then moved for an order dismissing the proceeding or, in the event such motion was denied, for an order remanding the matter to justice court for a preliminary hearing. The grounds for this motion, as set forth in defendant's accompanying affidavit, were that defendant had not been afforded a preliminary hearing; that the complaining witness had not been present in justice court; that defendant had not been there examined under oath; that no witnesses had been there present to give testimony; that defendant had not been there represented by counsel and did not know that he was entitled to a preliminary hearing; and that defendant at no time had waived such hearing, and would have insisted upon it had he then known his legal rights.

Defendant's motion was denied and an exception taken to the court's ruling thereon. The state then moved to amend the complaint so that it would set forth that the child was born December 9, 1948, in Litchfield, Meeker county, and that the child was begotten by an act of intercourse between the complainant and defendant, who was alleged to be the father of the child. The motion was granted. The trial thereupon proceeded, and subsequently a verdict of guilty was returned against defendant.

In his closing argument to the jury, counsel for the state referred to the fact that all defendant's witnesses had been in the office of defendant's counsel before the trial, and added:

"* * * I am not challenging those fellows or their integrity. You noticed I didn't cross examine them. And they all admitted having been in Mr. Beneke's office, and he pointed to them and said: 'Remember what you did on these dates.' Sure, they were coached exactly as to these dates. Fine! I am not objecting to the fact that they testified he was there on those dates. But it

is the gaps, the days that were not filled in. So as to those five gentlemen, I believe their story. We are not questioning their story, but it is as to the time in between that we are concerned with."

At the close of such argument, defendant's counsel stated:

"I would like to raise a question of instruction at this time, that to disregard the statement of counsel that I coached the witnesses. I think it is highly prejudicial and is not based upon any evidence in the case, and I think, also, it is a reflection upon the ethics and character of counsel, and I would move the Court for such instruction."

Thereafter the court complied with defendant's request in its subsequent charge to the jury as follows:

"Reference was made in the argument about the attorney for the defendant having coached the witnesses. There is no evidence of anything of the kind in the case."

The court denied defendant's written request for the following instructions:

## "III.

"You are hereby instructed that the fact that the prosecutrix, Arlene Nicol, did not tell anyone, including defendant, prior to the time the Complaint was filed on August 10, 1948, that defendant was father of the child, her silence in this respect is a fact to be considered by the jury in judging the truth of the charge against the defendant.

\* \* \* \* \*

## "IV.

"You are hereby instructed that in a bastardy proceeding of this kind, the defendant does not have the burden to show who was the father of the child of Arlene Nicol, but the burden is on the State to establish defendant's paternity by a fair preponderance of the evidence."

This is an appeal from an order denying defendant's subsequent motion for judgment notwithstanding the verdict or for a new trial. The principal questions presented here are: (1) Should the proceedings have been dismissed or remanded to the justice court because of defects in the preliminary hearing there; (2) did the trial court err in admitting the testimony of the complainant, conceded to be true by defendant, as to an act of intercourse between her and defendant which occurred about two years prior to the birth of the child; (3) were the remarks of counsel for the state in his closing argument to the jury such as to constitute misconduct requiring a new trial; (4) did the trial court err in refusing to give the foregoing requested instructions; and (5) is the evidence sufficient to sustain the verdict of guilty?

We do not find error in the trial court's refusal to dismiss the action or to remand the case for further proceedings in justice court. We are bound by the record as it is presented to us. It reveals that at the time of the hearing in justice court the defendant was present with his father; that the justice explained to him the nature of the charges and the court's duties with respect thereto; that no request for counsel was made; that defendant waived reading of the complaint and examination; and that defendant and his father signed a recognizance for defendant's appearance in district court.

Defendant's supporting affidavit indicates that the justice made reference to the futility of a preliminary hearing without denying defendant's right thereto, showing that defendant and his father had knowledge of such procedure. Nothing therein discloses any objection to the absence of the complaining witness or to the failure of the court to place defendant under oath for examination. At the call of the October calendar, after defendant had retained counsel, he appeared generally without objecting to the justice court proceedings.

Under such circumstances, we believe the case is controlled by State v. Charlton, 101 Minn. 535, 111 N. W. 733, wherein we held that the rights authorized under M. S. A. 257.20 may be waived

by actions or conduct of the party for whose protection such rights were designed. Therein it was stated (101 Minn. 535, 111 N. W. 734):

"The justice court had jurisdiction over the subject-matter and the person of the defendant. The statute required the testimony of the complainant and other witnesses to be reduced to writing, and, further, when the case came on for trial in the district court, this examination was required to be read to the jury, if demanded by the accused. This provision is not jurisdictional. It is for the benefit of the defendant, and he may waive its provisions, either expressly or by conduct. In this case the defendant testified in the justice court. He made no objection to a hearing in the absence of the complainant. He knew that it was physically impossible for her to be present, yet he made no application for a continuance of the hearing. He entered into a bond for his appearance at the district court, and thereafter complied with these conditions."

In the light of this authority, we are of the opinion that the trial court was not in error in denying defendant's motion to dismiss the proceeding or to remand the matter to justice court.

■ Defendant complains because the trial court admitted testimony of complainant as to an act of intercourse between her and defendant in December of 1946, about 24 months prior to the birth of the child. Defendant admitted the occurrence, which was at a time when complainant was 16 years of age. Such evidence was received "as bearing upon the credibility of the defendant's denial of intercourse at the time when conception must have taken place," and for the purpose of showing the nature of relationship between defendant and complainant. The trial court specifically instructed the jury that the act in question "has no bearing in this case except in so far as it may affect the credibility of the testimony of any witnesses in the case."

It has often been held that evidence of this kind is admissible to show the intimacy and disposition of the parties as bearing

upon the probability of intercourse at the times stated in the complaint. See, State v. Klitzke, 46 Minn. 343, 49 N. W. 54; State v. Smith, 47 Minn. 475, 50 N. W. 605. It is true that in the cases cited the alleged occurrences were not as remote as in the instant case. It is for the trial court in its discretion, however, to determine whether the remoteness of time of the occurrence renders such testimony inadmissible or otherwise. Windorski v. Doyle, 219 Minn. 402, 18 N. W. (2d) 142; Frame v. Hohrman, 229 Minn. 468, 39 N. W. (2d) 881. In the instant case, the age of the complainant at the time would appear to have a bearing on the credibility of defendant as to his subsequent conduct with her. Under all the circumstances, we feel that there was no abuse of discretion in the admission of this evidence, particularly in view of the court's instructions with reference thereto.

■ Defendant asserts that the remarks of counsel in his closing argument to the jury, wherein he referred to defendant's witnesses as having been "coached" by defendant's counsel, constituted misconduct justifying a new trial. While the use of the term "coached" may have been capable of misconstruction, the subsequent remarks of counsel and the admonition of the court given at the request of defendant would appear to correct any misunderstanding that might have been created in the minds of the members of the jury.

Defendant requested that the jury be instructed to disregard counsel's statement to the effect that he had coached the witnesses, and the trial court specifically instructed the jury that there was no evidence "of anything of the kind in the case." No reference was made to the incident in defendant's subsequent motion for a new trial, unless it be deemed included in his general assignment of "Misconduct of the County Attorney and Attorney for plaintiff."

The matter of granting a new trial for improper remarks of counsel rests almost wholly in the discretion of the trial court. It will rarely be granted if the court has instructed the jury to disregard the remarks complained of. 5 Dunnell, Dig. & Supp.

§ 7102, and cases cited. We do not feel that the trial court abused its discretionary power in this respect, particularly in view of its compliance with the suggestion of counsel for defendant at the time in giving the corrective instruction requested. State v. Peterson, 153 Minn. 310, 190 N. W. 345; Rolfsmeyer v. Rau, 198 Minn. 213, 269 N. W. 411; Santee v. Haggart Const. Co. 202 Minn. 361, 278 N. W. 520; Hinman v. Gould, 205 Minn. 377, 286 N. W. 364; Symons v. G. N. Ry. Co. 208 Minn. 240, 293 N. W. 303; Smith v. Barry, 219 Minn. 182, 17 N. W. (2d) 324.

■ Defendant asserts error in the failure of the trial court to give requested instructions III and IV, as hereinbefore set forth. They are in the nature of negative instructions, and it was discretionary with the trial court as to whether or not they should have been submitted. Nubbe v. Hardy Continental Hotel System, 225 Minn. 496, 31 N. W. (2d) 332. The general instructions stated the law fairly and correctly and appear to have covered the specific instructions requested. Ordinarily, the failure of the court to give requested instructions is not grounds for a new trial if everything of substance in them is fully covered by the general charge, as was the case here. Doody v. St. Paul City Ry. Co. 198 Minn. 573, 270 N. W. 583; Schorr v. Minnesota Utilities Co. 203 Minn. 384, 281 N. W. 523; Honan v. Kinney, 205 Minn. 485, 286 N. W. 404.

Further, there is some doubt as to the correctness of the instruction requested with reference to the consideration to be given to complainant's alleged silence. The record establishes that within a reasonable time after she had been examined by a physician, she advised her parents as to her condition. It further establishes that she confronted defendant and his sister in April of 1948 with reference thereto, and that her father at one time discussed the situation with defendant's father. We find no error in the trial court's refusal to give the requested instructions.

■ We believe the evidence is sufficient to sustain the jury's verdict. Paternity need only be established by a fair preponderance of the evidence. State v. Nichols, 29 Minn. 357, 13 N. W. 153; State v. McCullough, 102 Minn. 419, 113 N. W. 1059. Ordinar-

ily, where the evidence is conflicting on the subject, the question is for the jury. There is no statute requiring corroboration of a complainant's testimony. State v. Engstrom, 226 Minn. 301, 32 N. W. (2d) 553.

Here, there was ample evidence to sustain a finding that the probable time of conception was between March 8 and March 18, 1948. Complainant testified as to an act of intercourse between such dates, in particular an occurrence on March 16, 1948. Her testimony with reference to defendant's presence in her home at about that time was corroborated by the testimony of her mother and father. None of defendant's witnesses gave testimony as to his presence elsewhere that night. No member of his family testified that he remained home during that entire evening.

The testimony of the complainant, the corroborating evidence submitted in connection therewith, the admissions and denials of the defendant, the testimony of defendant's friends as to his presence elsewhere at some of the times complainant alleged he was with her, complainant's positive testimony as to the act of intercourse on March 16, 1948, the previous relationship between the parties, and all surrounding circumstances were, no doubt, carefully considered by the jury under the fair and impartial instructions of the trial court and its verdict arrived at in the light of all such evidence. We cannot interfere with its determination. Thelen v. Gartner, 226 Minn. 36, 31 N. W. (2d) 639.

The order appealed from must be affirmed.