# C. E. FREEMAN v. MORRIS CONSTRUCTION COMPANY.[1]

March 18, 1932.

No. 28,683.

*Mangan & Alger,* for appellant.

*J. M. Freeman* and *G. P. Smith,* for respondent.

OLSEN, J.

Defendant appeals from the judgment in favor of the plaintiff. The case was here once before. 179 Minn. 94, 228 N. W. 442.

The action is one to recover the purchase price of a quantity of cement. It was tried before the court and a jury and a verdict returned in favor of the plaintiff. Defendant moved for a directed verdict and, after the trial, moved for judgment in its favor notwithstanding the verdict. Both motions were denied, judgment was thereafter entered, and this appeal taken.

Plaintiff is a dealer in lumber, cement, and other articles, at Franklin, Minnesota. Defendant Morris Construction Company, herein referred to as defendant, is a contractor, located at Morris,

[1]Reported in 241 N. W. 677.

Minnesota, and had contracts for constructing certain culverts on a state highway in the vicinity of Franklin. Cement was to be used in the construction thereof. It contracted to purchase the cement from plaintiff. The cement was to be manufactured by Northwestern States Portland Cement Company at Mason City, Iowa, and to come from that company. In November, 1926, defendant notified the cement company that it was ready to receive and use the cement. A carload was then shipped by the cement company to plaintiff at Franklin, was received there and placed in an empty coal shed or warehouse owned by plaintiff. The cement was in bags. It was placed in this shed for defendant's use and to be taken therefrom by defendant as needed. Because of some change in plans for the culverts by the highway department, defendant was directed to delay the construction of the culverts until spring. For that reason the cement was permitted to remain in the shed over winter. During that period part of the cement hardened in the bags because of moisture and became unfit for use. It is this spoiled cement for which recovery was had in this action.

At the opening of the trial in the court below the parties stipulated that the only issue to be determined was as to the ownership of the cement unloaded into the warehouse of plaintiff in November, 1926, part of which spoiled and was not used by defendant; in other words, whether title to this cement passed to defendant in November, 1926, or prior to the time the cement was spoiled.

■ The assignments of error are that the court erred in denying defendant's motion for a directed verdict and in denying its subsequent motion for judgment notwithstanding the verdict. There was no complaint of any errors at the trial or in the charge of the court. The one question for review is whether there is any evidence reasonably sufficient to sustain the recovery; otherwise stated, whether the court erred in refusing to direct a verdict and in refusing to grant judgment notwithstanding the verdict.

■ There was a written contract entered into between the parties under date of February 2, 1927, which, as the evidence shows, in-

cludes the cement in question and an additional amount. Not having been entered into until more than two months after the cement was ·placed in the warehouse at Franklin, this agreement perhaps does not solve the question before us. We need not decide whether or not it applies with full force to the November, 1926, shipment. But it throws light upon the way shipments were handled and the intention of the parties as to delivery.

By that agreement the plaintiff sells and agrees to furnish and deliver to the defendant 1,200 barrels of cement, contained in cloth sacks, to be used in the construction of the highway culverts before mentioned. It further provides as follows:

"Price: Including cloth package two dollars sixty-eight cents ($2.68) per standard barrel of 380 pounds, in carload lots F. O. B. Mason City, Iowa, with freight allowed to Franklin, Minnesota.

"Price: Including cloth package two dollars sixty-eight cents ($2.68) per standard barrel of 380 pounds, F. O. B. seller's warehouse at Franklin, Minn."

It may well be inferred that this last quoted provision in reference to price, "F. O. B. seller's warehouse at Franklin, Minn.," has reference to the cement placed in that warehouse in November.

There is testimony which would justify the jury in finding that at the time the cement was placed in the warehouse in November, or about that time, defendant's foreman on the work, who had authority to look after the delivery of cement and other material, was at Franklin and directed plaintiff to place the cement in the warehouse, and that the foreman also used the warehouse for storage of some tools.

The jury could find that there was a delivery of the cement to defendant in November, 1926, and that title thereto then passed to defendant. It is true that there is dispute in the testimony as to the foreman's authority and as to what he did and said, but it was for the jury to determine what the true facts were.

Another significant provision of the written contract of February 2 is this: "The seller cannot be held for loss or damage while cement is in transit or storage." If this storage has reference to

the cement then in the warehouse at Franklin, which may be inferred, it would seem to relieve plaintiff from liability for loss.

The written contract of February 2, so far as it covered the cement then in the warehouse, was a sale of specific and ascertained goods, which had been set apart for the defendant. Under the uniform sales law, G. S. 1923 (2 Mason, 1927) §§ 8392, 8393, and 8394, the jury could reasonably find from the evidence that title to this cement passed to defendant in November, 1926, or at least on February 2, 1927. There is no evidence that the cement was damaged prior to February 2. It is more likely to have been damaged in the spring thaw after that.

The printed record before us does not contain the court's charge, and the original settled case has not been returned. As no question is raised as to the charge, we need not have any further return made.

There is much dispute in the oral testimony, but the facts were for the jury to determine from the evidence. We do not find it necessary further to recite the testimony. Viewing the evidence, oral and written, in the most favorable light for the plaintiff, as we must, it is sufficient to sustain the verdict; and the court did not err in denying the motion for a directed verdict or in denying the motion for judgment.

Judgment affirmed.