NELS GONDREAU v. JOSEPHINE BELIVEAU.[1]

March 28, 1941.

No. 32,695.

*Martin H. Otto* and *Philip L. Scherer,* for appellant.
*Lewis L. Anderson* and *R. A. Hendrickson,* for respondent.

STONE, JUSTICE.

The one assignment of error requiring consideration presents plaintiff's claim that he was improperly denied the right to a jury trial.

[1]Reported in 297 N. W. 352.

Assuming that the case was one for a jury, the claim is now of no avail to plaintiff because it appears that the right was waived. At the call of the regular term calendar, December 4, 1939, the court, on examination of the pleadings, considering the case one for an accounting, assigned it for trial by a referee. The record shows no objection or exception by plaintiff. December 13, by written order, the referee was appointed. Thereafter, plaintiff moved to amend his complaint. The amendment was allowed and an amended answer and reply were served.

The matter came on for trial before the referee January 18, 1940. Then, for plaintiff an objection was made "to the entire proceedings on the grounds that the plaintiff had requested a jury trial and did not consent to a referee." The referee overruled the objection and had no right to do otherwise. The objection made to the "proceedings" before him was without avail for the reason that, as already indicated, there is no record of objection to the disposition of the case at the call of the calendar, which was that it be referred. Later, the order of reference was made, all, so far as the record shows, without objection by plaintiff. We do not overlook the conflicting claims of counsel as to what occurred on the call of the calendar. They are quite irrelevant for the simple reason that our decision must be made upon the record of the court proceedings rather than upon what counsel later say concerning them.

The course adopted by plaintiff (as it appears from the record) constituted a waiver of his right to a jury trial. 4 Dunnell, Minn. Dig. (2 ed. & Supps.) § 5234; Paynesville Land Co. v. Grabow, 160 Minn. 414, 200 N. W. 481; St. Paul Distilling Co. v. Pratt, 45 Minn. 215, 47 N. W. 789; Deering v. McCarthy, 36 Minn. 302, 30 N. W. 813; cf. St. Paul & S. C. R. Co. v. Gardner, 19 Minn. 99 (132), 18 Am. R. 334.

The assignment that "the trial court erred, to plaintiff's prejudice, in denying plaintiff's motion for a new trial," presents no additional question for decision. 1 Dunnell, Minn. Dig. (2 ed. &

Supps.) § 366. Quite aside from its insufficiency of form and substance, the argument under it goes only to the point that there was an issue of fact for submission to a jury. It is only that the evidence presents issues of fact which by a jury might have been resolved for plaintiff. The specifications of error in the motion for new trial did not question the sufficiency of the evidence to support the findings of the referee.

Order affirmed.