MIKE THELEN v. RICHARD GARTNER AND ANOTHER.[1]

March 25, 1948.

No. 34,537.

---

[1]Reported in 31 N. W. (2d) 639.

C. U. *Landrum* and *Lowell W. Benshoof,* for appellants.
*Schroeder & Schroeder,* for respondent.

MATSON, JUSTICE.

Appeal by defendants from a judgment.

Plaintiff was awarded a verdict of $2,434 damages for injuries resulting from an assault and battery alleged to have been inflicted on his person by defendant Richard Gartner, in the commission of which assault defendant Andrew Gartner is alleged to have wilfully, wantonly, and maliciously aided, abetted, and incited Richard. Upon this appeal, defendants assign as errors (1) that the judgment is not justified by the evidence and is contrary to law, and (2) that misconduct of counsel was prejudicial.

1-2-3. No issue as to misconduct of counsel is raised by this appeal. It is fundamental that the review on appeal must be limited to the record. Gondreau v. Beliveau, 210 Minn. 35, 297 N. W. 352; 1 Dunnell, Dig. & Supp. § 386. The record shows that no objection was made and no exception taken to the alleged misconduct; in fact, the attention of the trial court was not at any time called to the matter. Naturally in respect thereto, we have no ruling, adverse or otherwise, by the trial court. Although the record contains a copy of the trial court's order denying defendants' motion for judgment *non obstante* or a new trial, there is nothing to indicate whether such motion specified the alleged misconduct as error. Where the record fails to disclose whether a notice of motion for a new trial specified an alleged error, we are compelled upon appeal

to assume that no specification thereof was made. We cannot go outside the record to supply jurisdictional facts. Gondreau v. Beliveau, 210 Minn. 35, 297 N. W. 352. As a result, the record stands barren of the necessary elements to secure a review of the issue. M. S. A. 547.03. Objection to the alleged misconduct of counsel cannot be raised for the first time on appeal. Brown v. Murphy T. & S. Co. 190 Minn. 81, 251 N. W. 5; 6 Dunnell, Dig. & Supp. § 9800.

4. On appeal from a judgment entered on the verdict of the jury, where a motion for judgment *non obstante* or a new trial was denied and the record failed to disclose whether the motion specified any error other than that the court refused to order judgment *non obstante,* and where no other errors in the rulings or trial proceedings were involved, the only question presented for review is whether the verdict is sustained by the evidence. Freeman v. Morris Const. Co. 185 Minn. 503, 241 N. W. 677; Robbins v. New York L. Ins. Co. 195 Minn. 205, 262 N. W. 210, 872; M. S. A. 547.03; 1 Dunnell, Dig. & Supp. § 388.

5. Clearly, the evidence sustains the verdict against both defendants. The alleged assault took place on the evening of April 22, 1946, in a tavern. Representatives of the Gartner and the Thelen families, as well as many others, had gathered for dancing and other entertainment. Antagonism between the two families had existed for some time. The immediate cause of the fracas in the tavern is of no importance. Taking the view of the evidence most favorable to the verdict, it appears that plaintiff and his wife were sitting in a booth, engaged in the usual tavern activities, when certain members of the Gartner family, including Richard and his father, Andrew, crowded around the booth in a menacing manner. Andrew challenged plaintiff to "Come out and fight like a man." The challenge was repeated. Other patrons interceded by pushing defendants back from plaintiff's booth. In the course of the brawl, Richard, with considerable force, hurled a 7 *Up* bottle directly at plaintiff, thereby severely injuring plaintiff's shoulder and head. Several witnesses testified to the hurling of the bottle by Richard and to the violent and threatening language which Andrew used to incite the attack.

Certain admissions were in evidence. It is only fair to point out that other witnesses testified that Andrew did not use challenging language toward plaintiff, but, on the other hand, actively attempted to be a peacemaker and prevent a fight between one of his sons and plaintiff. When all is said and done, however, we have nothing more than a sharp conflict in the testimony to be resolved by the jury. It was for the jury to say what witnesses were telling the truth and to determine the weight to be accorded to their testimony. No purpose will be served by a detailed review of the evidence, where as a whole it clearly sustains the verdict. A verdict should not be set aside unless it is manifestly and palpably contrary to the evidence as a whole. Where it is obvious that the evidence would justify a finding either way, it is useless to raise the question of the sufficiency of the evidence on appeal. 1 Dunnell, Dig. & Supp. § 415, and cases cited.

No question has been raised or argued with respect to the amount of the verdict. We observe, however, that upon the evidence the jury could reasonably find that plaintiff sustained severe injuries of a permanent nature, that he incurred considerable medical expense, and that he suffered a substantial loss in earnings. The verdict of $2,434 was not excessive.

The judgment of the trial court is affirmed.

Affirmed.

[1]Reported in 31 N. W. (2d) 641.