**Stevie L. HAYES, Plaintiff–Appellant,**

v.

**FOODMAKER, INC.,
Defendant–Appellee.**

No. 80–1916
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Jan. 19, 1981.

Hernandez, Inc., Frank P. Hernandez, Dallas, Tex., for plaintiff–appellant.

Charles J. Crider, St. Louis, Mo., for defendant–appellee.

Before CHARLES CLARK, REAVLEY, and WILLIAMS, Circuit Judges.

PER CURIAM:

Stevie L. Hayes brought this suit under 42 U.S.C. § 2000e, *et seq.*, claiming that he was discharged from employment by the defendant because of his race. The district court referred the case to the United States Magistrate designated as a special master, who found that the plaintiff had exposed himself to a female co–worker, and that the plaintiff did not prove by a preponderance of the evidence that his termination from employment was motivated by discrimination. Hayes filed written objections to the report of the special master. The transcript of the hearing before the district court reveals that the district court read the transcript of the proceedings before the special master and that he applied an appellate–type standard of review to the findings of the special master, concluding that those findings were not "clearly erroneous." The plaintiff claims he is entitled to a *de novo* determination of the facts in his case. *Cf. Louis v. Blackburn*, 630 F.2d

1105 (5th Cir. 1980), *Calderon v. Waco Lighthouse for the Blind*, 630 F.2d 352, 355 (5th Cir. 1980). Those cases, however, involved referral to a magistrate under 28 U.S.C. § 636(b)(1) and (b)(3). Here, a United States Magistrate was designed to serve as a special master to hear the case under 28 U.S.C. § 636(b)(2). The provisions in Rule 53(e)(2), Fed.R.Civ.P., thus controlled the district court's review of the special master's findings of fact. The correct standard of review was applied.

■ The plaintiff also claims that the reference to a master was erroneous. He correctly points out that under 28 U.S.C. § 636(b)(2), a magistrate may be designated to serve as a special master pursuant to Rule 53 or without regard to Rule 53 if it is with the consent of the parties. The parties here did not consent, so Rule 53 applies. The plaintiff points out, also correctly, that reference to a master under Rule 53 is to be the exception and not the rule. *See La Buy v. Howes Leather Co.*, 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957). We decline to rule upon the plaintiff's appellate objection, however, since he did not timely object in the district court to the reference to the special master. "A party who desires to contest the propriety of a reference should move the trial court for revocation of the reference." 9 Wright & Miller, Federal Practice and Procedure: Civil § 2606. Though the plaintiff objected to the reference at the hearing before the special master, the master advised him that the district judge who made the reference, not the special master, was the proper person to hear the objection. This was correct advice. Plaintiff failed to make a timely objection to the referring judge. The plaintiff therefore waived his objection. *Cruz v. Hauck*, 515 F.2d 322, 330–31 (5th Cir. 1975).

The judgment of the district court is AFFIRMED.