**In re the Marriage of George F. GARDNER, Petitioner, Appellant,**

v.

**Barbara A. GARDNER, Respondent.**

**No. C6-86-209.**

Court of Appeals of Minnesota.

Aug. 5, 1986.

Harlan P. Klein, West St. Paul, for appellant.

William E. Haugh, Jr., Collins, Buckley, Sauntry & Haugh, St. Paul, for respondent.

Considered and decided by FOLEY, P.J., and HUSPENI, and CRIPPEN, JJ., with oral argument waived.

HUSPENI, Judge.

## OPINION

Respondent Barbara Gardner brought a motion for an increase in appellant George Gardner's child support obligation. Appellant responded with a motion to have the matter heard before a judge, rather than a referee. The referee denied appellant's motion, considered respondent's motion, and issued a recommended order increasing appellant's support obligation. That order was confirmed by the trial court and appellant appeals, claiming that the referee erred in not honoring appellant's request to have the pending matters heard before a judge, and that the increase in child support was improperly granted. We remand for further proceedings.

## FACTS

Pursuant to the parties' stipulation, their marriage was dissolved on March 7, 1984. The parties have two minor children. The dissolution decree was based on an oral stipulation that respondent's attorney reduced to writing for the court.

Respondent was awarded the parties' homestead subject to appellant's lien of $30,000. Respondent was also awarded a $30,000 contract payable to the parties by MGM Liquor Warehouse. The contract was payable in monthly installments of $309. The judgment provided the following relevant provisions relating to child support and appellant's lien:

3. CHILD SUPPORT. * * *

(a) *Direct Monetary Support.* [Appellant] shall pay to respondent * * * the sum of $400.00 per month, payable $200.00 on the 1st and $200.00 on the 15th day of each and every said month, commencing March 1, 1984, and continuing until the eldest child of the parties * * * has graduated from high school, at which time the obligation of support payable from [appellant] to respondent shall decrease to the sum of $300.00 per month for the remaining minor child of the parties, and continue at said rate, payable one-half on the 1st and one-half on the 15th day of each and every month, until such time as [the remaining minor child] has graduated from high school, at which time the obligation of support payable from [appellant] to respondent shall terminate.

\*       \*       \*       \*       \*       \*

11. REAL PROPERTY. * * *

\*       \*       \*       \*       \*       \*

The award of said homestead premises to the respondent shall be subject to a

non-interest bearing lien * * * of $30,-000.00 in favor of [appellant]. Said lien shall be payable to [appellant] at the time the last child of the parties * * * graduates from high school. Provided, however, that said lien shall be reduced, dollar for dollar, by any amount of child support remaining unpaid from [appellant] to respondent pursuant to paragraph 3 herein. * * *

In the event respondent sells said homestead premises during the minority of either of the [children], and before graduation from high school of the last of said children, she shall be entitled to place the equity realized therefrom into a new dwelling, in which event [appellant's] lien on [the homestead] shall attach to the subsequently purchased dwelling, wherever situate[d], and subject to the same terms as hereinabove and hereafter set forth.

In the event of [appellant's] death during the minority of * * * either of the minor children * * *, before the last of said children graduates from high school, and at a time when any amount of lien interest remains in favor of [appellant], said lien amount shall terminate and shall no longer exist in favor of [appellant]. In the event both of the children * * * are deceased prior to attainment of the age of majority, the lien interest of [appellant], if any, shall expire and be of no further force and effect. In the event respondent dies while either of the minor children * * * is yet in her minority, the lien * * * shall expire and be of no further force and effect; provided, however, in this latter instance, respondent's equity interest in * * * [the] homestead * * *, after the expiration and termination of [appellant's] lien * * *, shall vest, in trust, totally for benefit of the children * * *.

Should [appellant's] lien * * * expire because of [appellant's] nonpayment of child support, at a time when [appellant] owes a continuing obligation of support for either or both of the minor children * * *, respondent shall have the right * * * to seek enforcement of the remaining child support obligation * * * in the manner provided by law.

Paragraph 12 of the decree provided, in part, that support payments were to be made in cash, that the denial of visitation was not an excuse for nonpayment, and that support payments took priority over other debts. The decree further provided for wage withholding if appellant failed to meet his support obligation.

In May 1984, respondent made a motion for an order finding appellant in contempt for, among other things, his failure to pay child support.

In August 1984, based on the recommendations of a family court referee, the trial court issued an order concluding that appellant was in arrears for child support. The order provided that appellant "is hereby specifically directed to pay the child support in cash, as due, as is required by paragraph 3 and 12 of the Decree." The court concluded that "the provision in paragraph 11 of the Decree [dealing with appellant's lien], is hereby construed to be security for the payment of the support, but not an excuse from paying the same in cash on the dates as are ordered." The court did find that certain provisions of the decree and the oral stipulation "might lead to ambiguity relating to the specific nature" of appellant's support obligation, but the court resolved the ambiguity by ordering appellant to pay child support in cash.

Respondent served notice of the filing of the August 1984 order on appellant and appellant did not appeal it.

Respondent subsequently made a request for wage withholding of appellant's support payments. Her motion and another motion by appellant were heard before a referee on December 24, 1984. Appellant's motion requested, among other things, that the court enjoin respondent from seeking monthly support payments from him and amend the decree to conform with "the intention of the parties that no monthly support payments in kind were to be paid" by appellant. Before the hearing in December 1984, respondent made a counter-

motion for a money judgment for further arrearages.

On January 21, 1985, based on the referee's recommendations, the trial court issued an order which, in relevant part, granted respondent's motion for a money judgment in the amount of appellant's arrearages and denied appellant's motion for an order denying wage withholding. The court considered that appellant had simply reiterated the same arguments that had been resolved in the August 1984 order. The court repeated its earlier order that appellant make support payments to respondent in cash.

Respondent served notice of filing of the January 1985 order on appellant and entered judgment on February 1, 1985. Appellant did not appeal either the order or the judgment.

Respondent's subsequent attempt to withhold support payments from appellant's wages was thwarted by appellant's assignment of wages to his sister.

On April 8, 1985, respondent served appellant with another motion requesting, among other things, an increase in child support. The motion papers were served upon appellant's attorney on April 10, 1985. Respondent based her motion for an increase in child support on the fact that MGM Liquor Warehouse had filed bankruptcy and, as a result, she had not received the monthly contract payments of $309 since the bankruptcy filing. A hearing before a referee who had not yet been involved in the case was scheduled for April 23, 1985.

On April 18, 1985, appellant served a motion on respondent seeking an order continuing the hearing until a judge could be assigned to the matter and allowing appellant to take respondent's deposition and submit further responsive memorandum.

At the hearing on April 23, 1985, the referee refused to continue the matter so that a judge could be assigned to the case. After taking some testimony and hearing the parties' arguments, the referee did continue the hearing to enable appellant to take respondent's deposition and to facilitate submission of more testimony.

Another hearing before the referee was held on November 26, 1985. No further testimony was taken at this hearing, but the referee allowed appellant to submit additional affidavits.

On January 2, 1986, based on the referee's recommendations, the trial court issued an order that, in relevant part, increased appellant's support obligation. The court found that the loss of the $309 monthly payment on the MGM Liquor contract constituted a substantial change in respondent's financial circumstances since the date of the decree and that that change made the child support level set in the decree unfair and unreasonable.

## ISSUES

1. Did appellant waive his right to object on appeal to the assignment of a referee to respondent's motion?

2. Did the trial court make adequate findings to support the increase in appellant's support obligation?

## ANALYSIS

### I.

Minn. Stat. § 484.70, subd. 6 (1984) provides that:

> No referee may hear a contested trial, hearing, motion or petition if a party or attorney for a party objects in writing to the assignment of a referee to hear the matter. The court shall by rule, specify the time within which an objection must be filed.

The Second Judicial District does not have any specific rules relating to a party's objection to a reference and the statute does not specifically set forth a procedure for such an objection. Nonetheless, upon examination of the facts of this case, we conclude that appellant acquiesced in the proceedings before the referee and, therefore, has waived the right to object to the reference on appeal.

There are no Minnesota cases that directly address the issue before us. However, we find support in *Gondreau v. Beliveau*, 210 Minn. 35, 297 N.W. 352 (1941), where the court assigned a case to a referee and a party waited to object to the reference until the beginning of the trial before the referee. The supreme court held that the party's failure to object to the reference before the commencement of the proceeding constituted a waiver of the parties' right to a jury trial. *Id.* at 36, 297 N.W. at 353.

We are further persuaded by strong authority in other jurisdictions that support our determination. The rule adopted in other jurisdictions is that a party objecting to a reference must make the objection to the trial judge prior to or at the time of the reference or promptly thereafter. Objections to the referee are unavailing. *See, e.g., Hayes v. Foodmaker, Inc.,* 634 F.2d 802, 803 (5th Cir.1981); *First Iowa Hydro Electric Cooperative v. Iowa-Illinois Gas & Electric Co.,* 245 F.2d 613, 628 (8th Cir.), *cert. denied,* 355 U.S. 871, 78 S.Ct. 122, 2 L.Ed.2d 76 (1957); *Ramsey v. Home Mortgage Co.,* 47 F.2d 621, 636 (E.D.N.C. 1931); *Magnaleasing, Inc. v. Staten Island Mall,* 428 F.Supp. 1039, 1045 (S.D.N.Y.), *aff'd.* 563 F.2d 567 (2d Cir.1977); *Dean v. Firor,* 681 P.2d 321, 326 (Alaska 1984).

■ Here, appellant could have made a motion to a judge prior to the April hearing or, at the very least, immediately thereafter. Instead, he made no effort to pursue his objection to the reference following the referee's denial of his motion. Seven months later, appellant's attorney appeared at the November 1985 hearing and argued the merits of respondent's motion without mentioning his objection to the reference. He subsequently submitted written memorandum to the referee. By fully participating in the proceeding before the referee without pursuing his objection, appellant waived his right to object to the reference on appeal.

## II.

The trial court increased appellant's child support obligation from $400 to $550 per month, finding that:

Since the Judgment and Decree of Dissolution was entered herein, Respondent's income of $309 per month, representing interest and principal payments on the $30,000 MGM contract, has terminated * * *, Respondent will receive no income therefrom for in excess of two years, if ever. Under the current plan of reorganization in the Bankruptcy Court, her $30,000 claim will pay her, several years in the future, a total of not more than $18,889.

The court concluded:

That Respondent's loss of $309 per month income from the MGM contract constitutes a substantial reduction and a substantial change in financial circumstances over those circumstances which existed at the time the Judgment and Decree of Dissolution was entered herein, and makes the child support Order within the Judgment and Decree of Dissolution unfair and unreasonable. Respondent is entitled to an increase in child support as hereinafter set forth.

■ Appellant challenges the increase in child support, arguing not only that respondent is not entitled to the increase, but also arguing for the third time that in consideration of his homestead lien he has no obligation to make out-of-pocket child support payments. It is clear from the record that this second argument is totally without merit. In August 1984, appellant was ordered to "pay the child support in cash, as due." He did not appeal that order. In a January 1985 order, the court repeated this same directive to appellant. He did not appeal that order. Appellant's present attempt to further pursue his meritless argument regarding out-of-pocket support payments prolongs and exacerbates this litigation and indisputably cannot be in the best interests of his children.

We next address appellant's argument that respondent is not entitled to an increase in child support. We recognize the emotional and economic toll that this litigation has had on the lives of the parties and

the minor children, and we would welcome the opportunity to avoid any additional court proceedings. However, in view of the directives set forth in *Moylan v. Moylan,* 384 N.W.2d 859 (Minn.1986), we are compelled to remand for further trial court consideration.

*Moylan* directs that when a court modifies a child support obligation the record must reveal that the trial court considered the statutory factors required for a modification. *Id.* at 865. Minn. Stat. § 518.64, subd. 2 (Supp.1985) requires a two-step analysis for a child support modification:

(1) Do any of the four factors in Minn. Stat. § 518.64, subd. 2, alone or in combination, create a substantial change in circumstances warranting a modification of child support?; and (2) if so, after considering the needs of the children and the financial situation of the parties' spouses, what modification should the court make?

*Moylan,* 384 N.W.2d at 864. When considering what modification to make, the court must also consider the child support guidelines set forth in Minn. Stat. § 518.551, subd. 5 (1984) as well as the factors listed in Minn. Stat. § 518.17, subd. 4 (1984). *Moylan,* 384 N.W.2d at 863–64.

█ The trial court's findings in this matter were issued prior to the supreme court's opinion in *Moylan.* While the trial court did find that there had been a substantial detrimental change in respondent's financial circumstances, one of the factors required under section 518.64, subd. 2, and that the change made the original decree unfair, it failed to make enough findings to form the basis for the $550 monthly support obligation. It made no findings as to the current levels of either party's incomes, their overall expenses or the needs of the children. *See* Minn. Stat. § 518.17, subd. 4.

There is little evidence in the record of the parties' current financial circumstances, other than respondent's loss of the MGM Liquor contract payment. Therefore, the court on remand must reopen the record for further evidence. On remand, if appellant fails to submit evidence of his financial situation, the court may set the amount of child support based on the evidence made available to it.

Upon consideration of all the circumstances here present, we award to respondent attorney's fees of $400 for this appeal.

## DECISION

Appellant waived his objection to the assignment of a referee to respondent's motion. We remand to the trial court for express findings on the statutory factors required for a child support modification. The trial court shall open the record for additional evidence in order to make the required findings. We award respondent attorney's fees of $400 on appeal.

Remanded.