COMMONWEALTH *vs.* HENRY GOODNOW.

Worcester.    September 28, 1891. — October 24, 1891.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Intoxicating Liquors — Evidence — Contradiction of Witness.*

The admission of a question put to a defendant in a criminal case, respecting a
fact which his counsel in his opening admits and which the defendant's reply
so far as responsive denies, affords him no ground of exception.

At the trial of a complaint for keeping intoxicating liquors with intent unlawfully
to sell the same, a witness who, according to the testimony, was found in an in-
toxicated condition on the defendant's premises just before the complaint was
made, denied that fact, and further testified that he had not drunk intoxicating
liquor for the past two years. *Held*, that he might be contradicted by evidence
tending to show that he had been intoxicated repeatedly during that time.

COMPLAINT, for keeping intoxicating liquors with intent un-
lawfully to sell the same.   At the trial in the Superior Court,
before *Thompson*, J., it appeared that the defendant had kept a
hotel in the city of Worcester for four years prior to the date
of the complaint, and.that he had previously kept a hotel in the
town of Shrewsbury.   The defendant's attorney, in opening the
defence to the jury, stated that the defendant used to be en-
gaged in the business of liquor keeping, and was convicted of the
same, but that when he moved to his present quarters he gave
it up.   The defendant testified in his own behalf, and was asked,
on cross-examination, " Did you not sell intoxicating liquor at
your hotel in the town of Shrewsbury four or five years ago?"
The judge admitted the question, and the defendant answered
that he had not sold it himself, but that his wife and mother in
law, who lived with him, sold it at his place, and that he knew
that they were so selling; and the defendant excepted.

The government offered evidence that, when the officers
searched the defendant's premises, just prior to the making of
this complaint, there were several persons in the bar-room in an
intoxicated condition, among whom was one Carr.   Upon being
called as a witness by the defendant, Carr denied that he was
intoxicated at the time, and further stated that he had not
drunk intoxicating liquor for the past two years.   One Fay, a

government witness, after testifying that he had worked for several years in the same shop with Carr, was asked by the District Attorney, " What have been Carr's habits for the past two years as to the use of intoxicating liquors? " The judge admitted the question, against the defendant's objection, and Fay replied that Carr had often been in a state of intoxication for a week at a time.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*H. C. Hartwell & C. R. Johnson*, for the defendant.

*A. E. Pillsbury*, Attorney General, for the Commonwealth.

HOLMES, J. 1. The admission of the first question did the defendant no harm, as his counsel had admitted the fact in his opening, and as the defendant's answer, so far as responsive, denied it.

2. Carr's denial that he had drunk intoxicating liquor for the past two years went to support his denial that he was drunk at the time in question, and indeed would seem to have been the form in which the latter denial was put. Therefore it was subject to contradiction. See *Riddell* v. *Thayer*, 127 Mass. 487, 489.

*Exceptions overruled.*