## STATE v. A. A. KAMPERT.[1]

January 4, 1918.

No. 20,655.

**Criminal law — date of crime — refusal to charge jury.**

1. The eye-witness to the offense testified that it was committed on

[1] Reported in 165 N. W. 972.

either November 4, 5, or 6, 1915, that she believed it was before the sixth, but could not say so positively. Under this testimony an instruction that the jury must acquit, unless they found that the act was committed on either the fourth or fifth was properly refused.

**Same — indefiniteness in charge.**

2. At the close of the charge, defendant suggested that the jury should be directed to acquit, unless they found that the offense had been committed at the place and under the circumstances testified to by the eyewitness. Thereupon the court stated that the jury would not be warranted in convicting, unless they found from all the evidence that defendant had committed the offense on or about November 4. As the evidence was directed to the proof of this single offense and there was no proof of any other, the failure to define the offense more specifically was not error.

**Same — circumstantial evidence.**

3. Giving a brief correct instruction in respect to circumstantial evidence was proper, although the principal evidence for the prosecution was the testimony of an eye-witness.

**Same — evidence affecting credibility of witness.**

4. Evidence tending to show a disposition on the part of a witness to withhold the truth by concealing facts is admissible for the purpose of showing bias and impugning the credibility of the witness, and the court did not abuse its discretion as to the admission of such testimony.

**Same — conduct of prosecutor — failure of wife to testify.**

5. The prosecuting attorney cross-examined defendant as to his reasons for refusing to permit his wife to testify, but discontinued that line of questions as soon as objection was made. In his address to the jury, he commented upon this testimony and upon defendant's failure to call his wife as a witness. It appeared defendant's wife was prosecuting an action for divorce against him and if permitted to testify would be a hostile witness. *Held* that while the conduct of the prosecuting attorney is disapproved, it does not constitute reversible error under the circumstances disclosed.

**Verdict sustained by evidence.**

6. The evidence is sufficient to sustain the verdict.

Defendant was indicted by the grand jury for the crime of carnal knowledge of a female child under the age of 18, tried in the district court for Martin county before Tifft, J., and a jury which returned a

verdict of guilty. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Ballou & Ballou* and *Dunn & Carlson,* for appellant.

*Lyndon A. Smith,* Attorney General, and *John E. Palmer,* Assistant Attorney General, for respondent.

TAYLOR, C.

Defendant was convicted of the crime of carnal knowledge of a girl under the age of 18 years, and appeals from an order denying a new trial.

The errors assigned are: (1) That incorrect instructions were given to the jury and correct instructions were refused; (2) that improper testimony was admitted to contradict and impeach the girl who was a witness for defendant; (3) that the prosecuting attorney was guilty of misconduct; and (4) that the evidence is not sufficient to sustain the conviction.

1. The indictment charges the offense as committed on November 4, 1915. The step-mother of the girl was the principal witness for the state. She testified that while looking for eggs in the barn she discovered defendant and the girl in the act of sexual intercourse, but was unable to fix the exact date. She knew that defendant's wife had left him on Tuesday, November 2, and states that the act was committed after that date but during that same week. On cross-examination, after her attention had been called to a cattle deal which took place on Wednesday, November 3, she stated that it could not have been on that day. Defendant's counsel tried to induce her to fix the time more definitely by eliminating Saturday also. She stated that she thought it was before Saturday and in a couple of instances assented to the statement, in the form of a question, that it must have been on Thursday or Friday; but both before and afterward made answers framed by herself, which included Saturday as one of the days on which it might have taken place. Her testimony taken as a whole is to the effect that while she thought it was before Saturday it might have been on that date. The importance of eliminating Saturday arose from the fact that defendant had presented testimony tending to prove an alibi on Thursday, Friday and Saturday, but the evidence as to Thursday and Friday was stronger than that as to Saturday. He requested the court

to charge that the jury must acquit, unless they found that the act had been committed on Thursday or Friday, and urges the refusal to give this instruction as error. The ruling was correct, for the court could not say as a matter of law that there was no evidence which would justify the jury in finding that the act was committed on Saturday.

The court, after explaining fully the presumption of innocence and that defendant was entitled to a verdict of not guilty, unless the jury found every material allegation of the indictment proven beyond a reasonable doubt, instructed the jury that if they found from the evidence beyond a reasonable doubt that defendant committed the act charged on the fourth day of November, 1915, and that the girl was under the age of 18 years they should find defendant guilty. Immediately following this the court stated that the time at which the act was committed is not a material ingredient of the crime charged except that the act must be shown to have been committed before the girl attained the age of 18 years, "but with this qualification the time of the offense need not be precisely stated in the indictment, nor is it incumbent upon the prosecution to prove that the offense was committed at the precise time alleged in the indictment." At the close of the charge, defendant's counsel suggested that unless the jury found "that the defendant committed the act at the time testified—I don't mean the exact day—but * * * I mean, without regard to dates, unless the jury find that the defendant committed that offense substantially as testified to by the complaining witness * * * then there should be an acquittal." The court thereupon stated that: "The jury would not be warranted in finding the defendant guilty unless they found from all the evidence in the case that the offense was committed on or about the * * * fourth day of Nevember." - Defendant's counsel further suggested: "And if proper, Your Honor, at the place and under the circumstances testified to by the prosecuting witness;" but the court made no further statement.

Defendant contends that the general charge above outlined together with the failure to state specifically that in order to convict the jury must find that defendant had committed the particular act testified to by the so-called complaining witness, left the jury at liberty to convict in case they found that defendant had committed any such act

at any time before the girl reached the age of 18 years, and that giving the general charge without giving the requested limitation was error. No claim is made that the general charge, which in its essentials followed the statute did not correctly state the law, but the claim is that without the limitation it left too wide a field open to the jury.

There was evidence tending to prove undue familiarity between defendant and the girl both before and after the offense in question is alleged to have been committed, but no attempt was made to prove the commission of any act constituting the offense other than that testified to by the step-mother, and no claim is made that any other act was shown for which defendant might have been convicted. The testimony was directed to the purpose of establishing this particular offense and no other, and although it might be conjectured from the testimony that other similar acts had perhaps been committed, none were proven. The jury might well have been expressly instructed that defendant was on trial for the offense alleged to have been committed in the barn at the time the step-mother claimed to have caught him in the act, and could be convicted for no other upon that trial, yet as the trial was confined to the attempt to establish this particular offense and there was no evidence which would warrant the jury in finding that he had committed any other, we think it is clear that the jury were not, and could not have been, misled or in doubt as to what they must find in order to convict. Under the facts of this case we are satisfied that the omission did not affect the result in any degree, and was wholly without prejudice.

Defendant also complains because the court gave a brief instruction concerning circumstantial evidence. No claim is made that the instruction was not correct, but in the words of his brief the complaint is that, "notwithstanding the fact that the only evidence to sustain the crime alleged in the indictment was that of a direct eye-witness, the court charged on the law of circumstantial evidence." There was evidence of acts of familiarity between the parties, which, as aptly stated in defendant's brief, was received, "not for the purpose of proving some independent crime, but as tending to characterize the relations of the parties;" and defendant argues that in consequence of the instruction as to circumstantial evidence the jury may have inferred from these

acts of familiarity that defendant was guilty of some other offense and found him guilty for that reason. We find no basis in the record for any such assumption, and are of opinion that the instruction was neither erroneous nor prejudicial.

2. The girl had worked for defendant at his home most of the time from March, 1915, until October, 1915, but had visited a cousin in Iowa for two or three weeks in the middle of the summer. Defendant was a witness in his own behalf, and on cross-examination denied receiving any letters or written communications from the girl while she was on this visit, and also denied writing any to her. Thereupon he was shown a postal card written to him by the girl immediately after her arrival at her cousin's, and admitted that he might have received it. Thereafter defendant called the girl as a witness, and she testified that defendant had not committed the act charged, and that no improper relations had ever existed between them. On cross-examination she was asked about the postal card and admitted writing it, but denied writing any letters to defendant or receiving any from him. She was then asked if she had not received a letter purporting to bear the signature of defendant which her cousin had seen and read, and if her cousin had not taken her to task for having such a letter from a married man. She denied receiving or having any such letter or that her cousin had upbraided her on account of any such letter. She was further asked whether her cousin had not taken the letter away from her and finally given it back to her. She denied any such transaction. At this point defendant's counsel objected to this line of questioning saying: "Take both the defendant and this witness, * * * he is asking them about a line of conduct that I am satisfied that counsel doesn't intend to establish. It is merely for prejudicial effect." The prosecution produced the cousin in rebuttal and she was permitted to testify that she had read a letter purporting to bear defendant's signature, received by the girl while at her house, and had upbraided the girl on account of it.

Defendant contends that the girl could not be impeached in this manner, but only by proof of some admission or confession which she had made. It is beyond question that a witness who testifies positively that a specifically described event never happened may be impeached by proof that it did happen, unless the admission of such proof violates

the rule against impeaching a witness upon collateral matters. The objection to the evidence in question was not based upon the ground that it related to a collateral matter, and the assertion that the questions asked the girl were asked merely to produce a prejudicial effect without any intention of establishing that such an occurrence had happened, made it proper for the prosecution to show that such was not the purpose. Evidence tending to show a disposition on the part of a witness to withhold the truth by concealing the facts, is admissible for the purpose of showing bias and impugning the credibility of the witness.

The testimony in question, if believed, tended to show such a disposition on the part of the witness, and we think that the trial court did not abuse its discretion in admitting it. Alward v. Oakes, 63 Minn. 190, 65 N. W. 270; State v. Arthur, 135 Iowa, 48, 109 N. W. 1083; State v. Mulhall, 199 Mo. 202, 97 S. W. 583, 7 L. R. A. (N. S.) 630, 8 Ann. Cas. 781; State v. Forsha, 190 Mo. 296, 88 S. W. 746, 7 L.R.A.(N.S.) 576; Larkin v. Saltair Beach Co. 30 Utah, 86, 83 Pac. 686, 3 L. R. A. (N. S.) 982, 116 Am. St. 818, 8 Ann. Cas. 977; Long v. State, 59 Tex. Cr. 103, 127 S. W. 551, Ann. Cas. 1912A, 1244; Denver City Tramway Co. v. Lomovt, 53 Colo. 292, 126 Pac. 276, Ann. Cas. 1914B, 106; State v. Goodson, 116 La. 387, 40 South. 771; Lynds v. Town of Plymouth, 73 Vt. 216, 50 Atl. 1083; Commonwealth v. Goodnow, 154 Mass. 487, 28 N. E. 677; Dilcher v. State, 39 Oh. St. 130; Tiller v. State, 111 Ga. 840, 36 S. E. 201.

3. The assistant attorney general who tried the case called defendant's wife as a witness, but upon the objection of defendant her testimony was excluded. It appeared that she had separated from defendant and had brought an action against him for divorce which was pending at the time of this trial. When defendant was upon the stand, the prosecuting attorney cross-examined him at some length as to why he was unwilling for his wife to testify. The first objection made to this line of questions was sustained, and no further questions of that nature were asked. In his address to the jury, the prosecuting attorney commented upon the reason given by defendant for not permitting his wife to testify, and also upon his failure to call her as a witness in his own behalf to contradict other testimony. Defendant insists that the prosecuting attorney was guilty of such misconduct in these respects that

the verdict ought not to stand. The statute (G. S. 1913, § 8375), made the testimony of defendant's wife inadmissible without his consent, and did not require him to give any reason for refusing to permit her to testify. The cross-examination complained of was improper, but was discontinued as soon as objection was made. The testimony admitted without objection furnished a basis for the comments made, and the comments were confined to the suggestion of inferences therefrom and from the obvious fact that the wife had not testified. It clearly appeared that defendant's wife would be a hostile witness if he permitted her to testify, and this fact was apparent to the court and jury independent of the testimony and comments here in question. There can be no fair justification for a proceeding of this kind in a criminal prosecution, particularly in a case where the hostility of the wife is apparent and not questioned. The prosecuting attorney represents the state and should conduct the trial with a due regard for the rights accorded to the accused by the law, and should be promptly checked by the trial court whenever he so far forgets himself as to trench upon such rights. While all the members of the court disapprove of the conduct complained of and consider it as presenting the most serious question in the case, yet the majority of the court are of the opinion that under the circumstances disclosed by the record this conduct did not constitute reversible error.

4. Defendant also contends that the verdict is not warranted by the evidence. The step-mother of the girl testified positively that she saw defendant commit the act constituting the offense. Both defendant and the girl testify positively that they never committed any such act at any time. The testimony of the step-mother is not so inherently improbable that the court can rule as a matter of law that the jury were not justified in believing it. The evidence brought the case squarely within the province of the jury, and we find no sufficient ground for setting aside their verdict.

Order affirmed.