## STATE v. JOHN TALMADGE MEADOWS.

226 N. W. 2d 303.

February 7, 1975—No. 43999.

*C. Paul Jones*, State Public Defender, and *Ronald L. Haskvitz*, Assistant State Public Defender, for appellant.

*Warren Spannaus*, Attorney General, *Gary W. Flakne*, County Attorney, and *Vernon E. Bergstrom, Michael McGlennen*, and *David W. Larson*, Assistant County Attorneys, for respondent.

Considered and decided by the court without oral argument.

TODD, JUSTICE.

Defendant, found guilty by a district court jury on a charge of simple robbery, Minn. St. 609.24, and sentenced by the trial court to a maximum indeterminate term of 10 years' imprisonment,[1] appeals from judgment of conviction, raising a number of issues. After careful consideration of these issues, we affirm.

---

[1] Defendant is now free on parole.

Defendant's contention that there was insufficient evidence connecting him to the robbery has no merit whatever. The evidence connecting defendant to the robbery included the positive identification testimony of the victim and another eyewitness, evidence that on the day of the robbery defendant had borrowed the automobile used in the crime from a used-car dealer, evidence that items taken in the robbery were seized at the house where defendant and his estranged wife had lived as well as at another residence where defendant had stayed, and clear and convincing evidence that defendant had committed a second robbery in the same city within 24 hours of the one for which he was on trial.

Similarly, there is no merit to defendant's contention that the trial court erred in admitting the items seized at the house where his estranged wife lived, a contention which is based on defendant's belief that there was insufficient admissible evidence connecting him to the house and to the items seized.

Defendant's third contention is that the trial court erred in admitting evidence of his participation in the second robbery. This evidence was admitted under the identity exception to the general exclusionary rule. We need not repeat here what we said in State v. Billstrom, 276 Minn. 174, 149 N. W. 2d 281 (1967), which is the leading Minnesota case dealing with admission of evidence of other crimes in order to prove identity. Suffice it to say, we believe that even though defense counsel expressed to the trial court his belief that the evidence came within the identity exception, the trial court still was very careful about admitting the evidence and did so only because identity was the crucial issue in the case and alibi was strongly relied upon as a defense. Under such circumstances, we hold that the trial court did not abuse its discretion in admitting the evidence.

Defendant's next contention relates to the prosecutor's cross-examining him about events leading to a charge of violating a gun ordinance which had resulted in an acquittal and the prosecutor's calling a rebuttal witness to contradict defendant's testi-

mony. We believe that the following points should be made in connection with this contention:

(i) Defense counsel, in questioning defendant about his prior record (which included two robbery convictions), initially elicited the evidence that defendant had been charged with violating a gun ordinance and acquitted. Under reasoning which we used in State v. Fulford, 290 Minn. 236, 187 N. W. 2d 270 (1971), it is arguable that this opened the door to cross-examination by the state as to those events.

(ii) When the state questioned defendant about those events, defendant himself at first objected but then withdrew his objection. In other words, neither defendant nor his counsel objected to the evidence.

(iii) Defense counsel did not object when the state sought permission to call the rebuttal witness to impeach defendant's testimony on cross-examination.

Under these circumstances we conclude that defendant must be deemed to have waived the right to raise the issue on appeal. However, we note that the trial court gave a cautionary instruction concerning the use of this evidence for impeachment purposes only, a fact which decreased the possibility that the jury used the evidence for an improper purpose.

Defendant's fifth contention concerns inadmissible evidence which the prosecutor elicited while examining defendant's father-in-law, specifically, evidence suggesting that defendant had assaulted his wife on one occasion. There is no reason to think that the prosecutor intentionally elicited this testimony and we do not believe that defendant was prejudiced by it. See, State v. Seelye, 297 Minn. 478, 209 N. W. 2d 918 (1973).

Finally, defendant contends that the trial court erred in permitting the prosecutor to comment upon defendant's exercise of the marital evidentiary privilege—see, Minn. St. 595.02(1)—and in instructing the jury that the state could not call defendant's wife. Comments of this type are erroneous for reasons stated in State v. Caron, 300 Minn. 123, 218 N. W. 2d 197

(1974) ; that is, such comments erroneously might have suggested to the jury that defendant had a burden to produce witnesses and that he did not call his wife to testify (about his occupancy of the house) because he knew her testimony would be unfavorable. However, defense counsel did not object to the proposed comment upon these grounds, so again defendant must be deemed to have waived this issue. Even so, since the evidence was so overwhelming neither the erroneous comment nor instruction could have materially affected the outcome.

Affirmed.

MR. JUSTICE SCOTT took no part in the consideration or decision of this case.