**STATE of Minnesota, Respondent,**

v.

**William J. SNIPE, Jr., Appellant.**

**No. 51258.**

Supreme Court of Minnesota.

April 10, 1981.

C. Paul Jones, Public Defender, J. Christopher Cuneo, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Michael McGlennen, Asst. County Attys., and Thomas A. Weist, Minneapolis, for respondent.

SIMONETT, Justice.

Defendant was found guilty by a district court jury of a charge of aggravated robbery, Minn.Stat. § 609.245 (1980), and was sentenced by the trial court to a prison term of 1 year and 1 day to 20 years. On this appeal from judgment of conviction defendant contends that the evidence identifying him as the robber was legally insufficient and that the trial court prejudicially erred in admitting evidence that he was unemployed at the time of the robbery and at the time of his arrest. We affirm.

This prosecution arose from the armed robbery of a leather goods store in Minneapolis by two or more men who took approximately 170 leather coats valued at a total of approximately $18,500.

■ There is no merit to the contention that the evidence of defendant's guilt was legally insufficient. The store manager, who was the lone witness to the offense, identified defendant's picture from a photographic display and also identified defendant in court. There was also strong corroborating evidence, including evidence that defendant closely fit the description of the robber originally given by the manager, evidence that nearly 2 months after the offense defendant tried to sell three leather coats in a Minneapolis bar, and evidence that when he was arrested the next day defendant constructively possessed a leather coat identical to one of the coats taken in the robbery. Defendant's alibi that he and his wife were in Chicago at the time of the offense and his wife's claim that she had shoplifted the coat which was seized at the time of the arrest were effectively rebutted by the prosecution.

■ Defendant's contention that the evidence of his unemployment was improperly admitted is based on two contentions: (a) that the evidence was the fruit of an unlawful arrest and (b) that the potential of the evidence for unfair prejudice substantially outweighed its probative value. There is no merit to the first argument. The arrest clearly was a legal arrest based on probable cause. As for the second argument, we agree that trial courts should use caution in admitting this kind of evidence but we believe that the trial court here properly admitted the evidence.

■ The evidence that defendant and his wife were unemployed was combined with evidence (a) that defendant and his wife were not on welfare, (b) that nonetheless they had been paying for rent, food, and transportation expenses, (c) that they had been selling leather coats in bars, and (d) that defendant, in addition to constructively possessing one stolen leather coat when arrested, had in his possession a $100 bill and a $50 bill. The combined probative value of this evidence was not substantially outweighed by any potential of the evidence for unfair prejudice. We conclude that the trial court did not clearly abuse its discretion in admitting the evidence.

Affirmed.