**STATE of Minnesota, Respondent,**

**v.**

**Richard Rex REAN, Appellant.**

**No. C9–83–383.**

Supreme Court of Minnesota.

Aug. 31, 1984.

retroactive effect by the Sentencing Guidelines Commission. Minn.Rules of Court—Desk Copy 266, 268–269 (West 1984).

C. Paul Jones, Public Defender, Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, John E. MacGibbon, Sherburne County Atty., Thomas N. Price, Asst. County Atty., Elk River, for respondent.

SIMONETT, Justice.

Defendant was charged with burglarizing the Sportman Inn in Orrock early on August 6, 1982. He refused to be represented by the public defender and insisted upon representing himself at trial in district court, but the trial court directed the

public defender to attend the trial as stand-by counsel. The jury found defendant guilty as charged, and the trial court sentenced defendant to 25 months in prison, which is the presumptive sentence for the offense (a severity level IV offense) by a person with defendant's criminal history score (four). On this appeal from judgment of conviction and from an order denying his motion for a new trial, defendant contends that his conviction should be reversed outright on the ground that the evidence connecting him to the burglary was legally insufficient, or that he should at least be given a new trial because of errors occurring at his trial and because of new evidence discovered after trial. We affirm.

■ 1. Defendant's contention that the evidence of his guilt was legally insufficient is without merit. A witness copied down the license number of the burglar's car. Defendant was arrested in the car later that morning. Tools used to commit the burglary and cigarettes taken in the burglary were found in the trunk of the car, and the car's tire treads matched the tread marks found in the parking lot of the burgled building. Expert testimony further established that it was highly probable that shoe prints found at the scene were made by shoes defendant was wearing when he was arrested.

2. Defendant contends alternatively that he is entitled to a new trial because of (a) errors occurring at his trial and (b) new evidence discovered after the trial.

■ (a) Defendant cites five instances of alleged trial error. First, he argues that the omnibus court erred in determining that the search of his car by police was consensual. The state produced evidence at the omnibus hearing (as well as at trial) that the search was consensual; defendant did not testify or produce any evidence to the contrary. We hold that the trial court properly concluded that the search of the car was consensual. The search may well have been justifiable on other grounds but, in view of our holding, there is no need for us to address or decide that issue.

■ Defendant next claims that the prosecutor improperly elicited evidence that defendant was silent after he was arrested and given a *Miranda* warning. Defendant, in his *pro se* opening statement, in effect testified without being sworn that at the time of the burglary he was at the scene of an automobile accident some distance from the burgled building. The state established at trial that, although defendant gave a brief statement to the police after he was arrested and given a *Miranda* warning, he did not mention the alibi in the statement and in fact did not tell them about it until 3 days later. Defendant, who did not object to the evidence at trial, claims that this constitutes impermissible evidence of postarrest post-*Miranda* silence. *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). We conclude, however, that the evidence was properly admitted pursuant to *State v. Darveaux*, 318 N.W.2d 44 (Minn.1982); there, relying on *Anderson v. Charles*, 447 U.S. 404, 100 S.Ct. 2180, 65 L.Ed.2d 222, *reh'g denied*, 448 U.S. 912, 101 S.Ct. 27, 65 L.Ed.2d 1173 (1980), we held that, if a defendant chooses not to rely on his right to remain silent but instead makes a statement to the police, the prosecutor may show and comment on the defendant's failure to relate, as part of that statement, crucial exculpatory statements recited by the defendant at trial.

Defendant also claims that he was prevented from testifying in his own behalf by the trial court's failure to rule that the prosecutor could not use defendant's three prior felony convictions to impeach his credibility if he testified. This contention is without merit since defendant stated as early as the omnibus hearing that he had no intention of testifying and since defendant never moved the court for an order barring impeachment use of prior convictions.

■ Defendant claims next that the prosecutor committed prejudicial misconduct in making the following statement at the conclusion of his closing argument:

I also ask you, after reviewing all the evidence, that you find beyond a reasonable doubt that Mr. Rean is guilty, *that the crime of burglary should not be tolerated in this county or in this state because it is a crime that is particularly onerous to persons who own property that has been burglarized or who [lose] property.*

I ask you to return a guilty verdict against Mr. Rean as charged. [Emphasis added.]

We again express disapproval of any statement by the prosecutor in closing argument which suggests to the jury that its mission is to solve the crime problem or do anything other than to determine the innocence or guilt of the defendant. *See State v. Brown,* 348 N.W.2d 743 (Minn.1984), where we condemned a statement by the prosecutor suggesting that good law enforcement depended on the jury. On balance, however, the prosecutor's closing argument in this case was fair. That being so, and given the lack of any objection by defendant and the strength of the evidence against defendant, we hold that any error was harmless.

■ Defendant's final claim of trial error is based on the trial court's statement in its final instructions that it is the duty of an attorney to present evidence on behalf of his client. Defendant did not object to this instruction, and our examination of the instructions as a whole satisfies us that the instructions did not give the jury the impression that defendant had any duty to present evidence. However, we again caution against the use in instructions of any language which might lead a jury to believe that a defendant has an obligation to present evidence. *See State v. Brouillette,* 286 N.W.2d 702 (Minn.1979); *Brouillette v. Wood,* 636 F.2d 215 (8th Cir.1980) (petition for federal habeas corpus denied).

■ (b) In addition to arguing that there was trial error, defendant argues that there was evidence, discovered after the trial, entitling him to a new trial. In order to obtain a new trial in a criminal case on the ground of newly discovered evidence, the defendant must establish that the evidence in question was not known to him at the time of trial, that his failure to learn of it was not due to any lack of diligence, that the evidence is material, and that it will probably produce an acquittal at a retrial. *State v. Jacobson,* 326 N.W.2d 663 (Minn.1982); *State v. Caldwell,* 322 N.W.2d 574 (Minn.1982). In this case, the alleged newly discovered evidence is evidence that the building in question had been burglarized before, evidence that the building was subsequently burned down, and alibi testimony by a friend of defendant whom defendant claimed he could not locate until after the trial. It is not clear from the record whether the evidence in question would qualify as newly discovered evidence. In any event, we conclude, as the trial court apparently did, that defendant failed to establish that any of the evidence probably would result in an acquittal at retrial.

Affirmed.