**STATE of Minnesota, Respondent,**

v.

**Richard B. OLSEN, Appellant.**

**No. C2–84–672.**

Court of Appeals of Minnesota.

Dec. 11, 1984.

Review Denied March 13, 1985.

Hubert H. Humphrey, Atty. Gen., Thomas L. Johnson, Hennepin County Atty., Richard Osborne, Asst. Co. Atty., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Susan K. Maki, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and LESLIE and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Appellant Richard Olsen was convicted by a jury of criminal sexual conduct in the first degree, Minn.Stat. § 609.342(e)(i) (1982) and kidnapping, Minn.Stat. § 609.25, subds. 1(2) and 2(1) (1982). He was sentenced to prison for 43 months on the criminal sex charge; no sentence was imposed for kidnapping. On appeal, Olsen claims: 1) the evidence was insufficient to convict him; 2) the trial court improperly admitted a tape recording of the phone call complainant made to the police to report the assault; 3) the prosecutor improperly cross-examined him and committed misconduct in the closing argument; and 4) the trial court should have granted a new trial based on newly discovered evidence. We affirm.

## FACTS

Appellant Richard Olsen met complainant, Kathy O., at the Leaning Post bar in St. Louis Park and she accepted a ride home. As soon as Olsen began driving, he forced her to have oral sex. They drove to a golf course where Olsen hit her, threw her to the ground, removed her clothes, and attempted to engage in sexual intercourse with her. He then dragged her to the car and forced her again to engage in oral sex while he was driving. They drove to Olsen's house where he threw her on his bed and forced her to commit oral sex and engage in sexual intercourse. Olsen then drove her back to the golf course to look for her shoes and, after a fruitless search, drove to an area near her home and released her. She called the police from a nearby phone booth and reported the assault.

Olsen admitted Kathy performed oral sex on him twice in the car, that he attempted sexual intercourse on the golf course, and that he had sexual intercourse with her at his home. He claimed she freely consented.

## ISSUES

1. Was the evidence sufficient to sustain Olsen's convictions?

2. Did the trial court abuse its discretion in allowing the jury to hear a tape recording of the telephone call complainant made to the police reporting an assault?

3. Did the prosecutor improperly use Olsen's pre-arrest silence in cross-examining him or otherwise commit misconduct in the closing argument?

4. Did the trial court err in denying Olsen's motion for a new trial based on newly discovered evidence?

## ANALYSIS

### I.

■ The claim of insufficient evidence is without merit. The credibility of the parties is for the jury. The testimony of Kathy, her immediate call to the police, and the physical evidence, all support the jury's verdict that Olsen committed the crimes of kidnapping and rape.

### II.

■ Olsen contends the trial court abused its discretion in allowing the jury to hear a tape recording of the telephone call Kathy made to the police when reporting the alleged offense. The recording was admitted to show the complainant's state of mind, a proper exercise of the trial court's discretion under Minn.R.Evid. 403. *State v. Olkon,* 299 N.W.2d 89 (Minn.1980), *cert. denied,* 449 U.S. 1132, 101 S.Ct. 954, 67 L.Ed.2d 119 (1981); *State v. Rose,* 353 N.W.2d 565 (Minn.Ct.App.1984).

### III.

■ Olson's contention that he was denied a fair trial because the prosecutor used his post-arrest silence as impeachment is without merit. The "silence" was *pre-arrest.* It was only after Olsen's counsel had elicited Olsen's testimony that he had fully cooperated with the police and had never denied having sex with Kathy that the pre-arrest "silence" of Olsen was brought out to impeach him. The use of pre-arrest silence to impeach a defendant's credibility does not violate the constitution. *Jenkins v. Anderson,* 447 U.S. 231, 240–41, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980); *see State v. Folkert,* 354 N.W.2d 583, 584–85 (Minn.Ct.App.1984).

■ Olsen's related claim that in closing argument the prosecutor improperly suggested Olsen and defense counsel conspired to hide the truth from the jury is also without merit. The prosecutor was within his bounds in arguing about Olsen's pre-arrest silence. The other comments claimed to be misconduct do not warrant further discussion because no objection was made and any error was harmless in light of the overwhelming evidence against Olsen.

### IV.

■ Olsen argues there was evidence discovered after the trial which entitled him to a new trial.

In order to obtain a new trial in a criminal case on the ground of newly discovered evidence, the defendant must establish that the evidence in question was not known to him at the time of trial, that his failure to learn of it was not due to any lack of diligence, that the evidence is material, and that it will probably produce an acquittal at a retrial.

*State v. Rean*, 353 N.W.2d 562, 565 (Minn. 1984).

In this case, the alleged newly discovered evidence is the testimony of a man who has known Olsen for about one year. This witness claimed, in a deposition, to have had sex with a woman named "Cathy O." in his car outside the Leaning Post Bar shortly before Olsen left the bar with Kathy and that this woman told him she wanted revenge on a "person" who had left her sitting by herself. Olsen had over four months to find this witness, who knew Olsen and who frequented that bar three or four times a month. This doesn't qualify as newly discovered evidence.

## DECISION

The evidence was sufficient to sustain Olsen's conviction for criminal sexual conduct in the first degree and kidnapping. The trial court did not abuse its discretion in allowing the jury to hear a tape recording of a telephone call Kathy made to the police to report the alleged sexual attack. Olsen was not denied a fair trial by the prosecutor's use of his pre-arrest silence or by any prosecutor misconduct. Finally, the trial court did not err in denying Olsen a new trial based on newly discovered evidence.

Affirmed.