**STATE of Minnesota, Respondent,**

v.

**Wayne Leroy KLOSTERBOER, Appellant.**

**No. C9–94–1495.**

Court of Appeals of Minnesota.

March 28, 1995.

Marshall H. Tanick, Catherine M. Klimek, Mansfield & Tanick, P.A., Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Mary J. Theisen, Asst. Atty. Gen., St. Paul, and David M. Gilbertson, Chippewa County Atty., Montevideo, for respondent.

Considered and decided by LANSING, P.J., and KALITOWSKI and SHORT, JJ.

## OPINION

SHORT, Judge.

A jury convicted Wayne Leroy Klosterboer of two counts of theft in violation of Minn. Stat. § 609.52, subd. 2(1), (3)(b) and (5) (1992). On appeal, Klosterboer argues: (1) venue was improper; (2) the evidence is insufficient to support conviction; (3) the prosecutor engaged in prejudicial misconduct; and (4) the cumulative effect of the trial court's evidentiary rulings requires a new trial.

## FACTS

Wayne Leroy Klosterboer was the gambling manager for a Chippewa County community organization located in Montevideo, Minnesota. Klosterboer was responsible for the organization's pull-tab operation at two Montevideo taverns. His responsibilities included collecting money and winning tickets from the taverns several times a week, recording income from each pull-tab game on the taverns' Schedule B tax form, and depositing all gambling proceeds into two Montevideo banks.

In 1992, an audit of the organization's pull-tab operation revealed gambling proceeds recorded on the tax forms were never deposited and income earned from games was never recorded or deposited. Klosterboer was charged with two counts of theft for the missing deposits and games. Under Count I, Klosterboer was charged with stealing $1,779 from deposits and $1,941 from games from December 1, 1991 until May 31, 1992. Under Count II, Klosterboer was charged with stealing $3,932 from deposits and $3,094 from games from June 1, 1992 until November 30, 1992. After a nine-day trial, a jury found Klosterboer guilty of theft between $500–$2,500 under Count I and guilty of stealing over $2,500 under Count II. The trial court entered a judgment of conviction, and denied all post-trial motions. Klosterboer was sentenced to stays of imposition with two concurrent six-month probationary jail terms, fines, and restitution.

## ISSUES

I. Was Chippewa County the proper venue for trial?

II. Does the evidence support conviction?

III. Did the prosecutor commit prejudicial misconduct by calling Klosterboer's spouse as a witness against him?

IV. Do the trial court's evidentiary rulings constitute prejudicial errors?

## ANALYSIS

### I.

A determination of venue, which concerns convenience and location of trial rather than the power of the court to hear the action, is less significant than the issue of jurisdiction. *State v. Smith,* 421 N.W.2d 315, 320 (Minn. 1988); *see generally,* Annotation, *Necessity of Proving Venue or Territorial Jurisdiction of Criminal Offense Beyond a Reasonable Doubt,* 67 A.L.R.3d 988 (1975) (discussing venue and territorial jurisdiction). Venue lies in the county where any element of the offense is committed, including where the stolen property was located. Minn.Stat. § 627.01, subds. 1, 2 (1992). If an act is committed in one county which results in injury in another county, venue is proper in either county. Minn.R.Crim.P. 24.02, subd. 3.

■ Klosterboer argues venue in Chippewa County was improper because he "misappropriated the funds" at his home in Lac Qui Parle County. Even if the "misappropriation" occurred in Lac Qui Parle County, venue is also proper in the county where the stolen property was located or the resulting injury occurred. Minn.Stat. § 627.01, subd. 2; Minn.R.Crim.P. 24.02, subd. 3. The money was taken from taverns located in Chippewa County. Those establishments were injured by the loss of pull-tab sales due to Klosterboer's conduct. Under these circumstances, venue was proper in Chippewa County.

■ Klosterboer insists venue is constitutional only in the county where his criminal intent occurred. *See State v. Heidelberg,* 216 Minn. 383, 385, 12 N.W.2d 781, 782 (1944) (where money was received in Anoka and deposited into personal account in Hennepin County, venue is not proper in Anoka County absent proof of intent to embezzle in Anoka County). However, Klosterboer was convicted of stealing $3,000 or more during a year-long period. The evidence demonstrates that Klosterboer failed to make thirteen separate deposits into Chippewa County banks, picked up sixteen games from Chippewa County taverns, and failed to complete the paperwork or deposit any money from those games into Chippewa County banks. Unlike the defendant in *Heidelberg,* Klosterboer's continuing activities in Chippewa County pro-

vide ample evidence of an intent to steal in Chippewa County. Moreover, there is no constitutional limitation on the court's jurisdiction where any element of the offense was committed in the county where the case was tried. *State v. Hanson,* 285 N.W.2d 483, 486 (Minn.1979). Venue was proper.

## II.

■ In reviewing a claim of sufficiency of the evidence, we must ascertain whether a jury reasonably could conclude the defendant was guilty of the offense charged. *State v. Davidson,* 481 N.W.2d 51, 58 (Minn.1992). We view the evidence in the light most favorable to the verdict, and assume the jury believed the state's witnesses and disbelieved any contrary evidence. *State v. McKenzie,* 511 N.W.2d 14, 17 (Minn.1994).

■ Klosterboer argues his conviction is based only on "circumstantial evidence bolstered by hypothetical assumptions and theoretical calculations," which are insufficient to permit a jury to conclude beyond a reasonable doubt that he misappropriated funds from gambling proceeds. Viewing the evidence in a light most favorable to the verdict, the record demonstrates: (1) from June 1, 1992 through November of 1992, Klosterboer recorded gambling proceeds of $1,779 from thirteen games on Schedule B tax forms; (2) Klosterboer possessed the gambling proceeds when he completed the tax forms; (3) those proceeds were never deposited; (4) although his wife and children also had access to the money, Klosterboer testified neither his wife nor his children stole the gambling proceeds; (5) in addition, Klosterboer had several pull-tab games and failed to complete tax forms or deposit the gambling proceeds; (6) one tavern's records show Klosterboer picked up four games, but did not complete tax forms or deposit the gambling proceeds; (7) an audit revealed eight games should have earned money; and (8) the missing games' income was approximately $1,941 during December 1, 1991 through May 1992, and $3,904 during June 1, 1992 through November 1992. While Klosterboer denies he stole any gambling proceeds or pull-tab games, the jury is in the best position to judge the credibility of the witnesses. *See*

*State v. Bias,* 419 N.W.2d 480, 484 (Minn. 1988) (jury alone determines credibility of witnesses and resolves all conflicts in testimony). Given these facts, a jury reasonably could conclude Klosterboer was guilty of theft.

## III.

■ The marital privilege is set out in Minn.Stat. § 595.02, subd. 1(a) (1992), which provides:

> A husband cannot be examined for or against his wife without her consent, nor a wife for or against her husband without his consent, nor can either, during the marriage or afterwards, without the consent of the other, be examined as to any communication made by one to the other during the marriage.

Before trial, Klosterboer advised the state that he would invoke the marital privilege if the prosecutor attempted to call Klosterboer's wife to testify against him.

At trial, the prosecutor stated "the State calls Linda Klosterboer." The defense asked to approach the bench, and the trial judge and counsel went into chambers to discuss the defense's objection. Because the state called a privileged witness, defense counsel asked for a mistrial or a curative instruction. The trial court denied the motion for a mistrial and agreed to give a curative instruction at the close of the case. When trial resumed, the judge said, in the presence of the jury:

> Okay. Were you going to call Linda Klosterboer? Would you come up, please.

Defense counsel again asked to approach the bench. After a brief bench conference, the state called another witness. No one mentioned Klosterboer's marital privilege before the jury. Nor did the prosecutor ask Klosterboer on cross-examination whether he would permit his spouse to testify or comment on Klosterboer's failure to give such consent in his closing argument. In closing instructions, the trial court gave the following cautionary instruction:

> During the trial, the prosecution attempted to call as a witness Linda Klosterboer, the wife of the defendant, that the court did not allow her to testify. Because of the

law in Minnesota, you should not consider in any way the fact that she was called as a witness or that the court did not let her testify nor should you speculate what she might or might not have testified.

Klosterboer argues that calling a privileged witness to testify against a criminal defendant is per se prejudicial. *See United States v. Pariente,* 558 F.2d 1186, 1189–90 (5th Cir.1977) (reversing conviction because prosecutor commented on spouse's failure to testify); *San Fratello v. United States,* 340 F.2d 560, 566 (5th Cir.1965) (the mere fact of calling one spouse as a witness for the prosecution in a criminal trial of the other for the purpose of forcing the claim of marital privilege is reversible error); *see also United States v. Redstone,* 488 F.2d 300, 305 (8th Cir.1973) (allowing defendant's spouse to testify against codefendants denied defendant's marital privilege, especially in light of cases holding that the mere act of calling spouse as a witness may warrant reversal). However, that issue is subject to wide conflict of opinions. *See generally* 1 McCormick on Evidence, § 66, at 255 (John W. Strong ed. 4th ed. 1992) (noting disagreement whether it is error for the prosecution to call the spouse in order to force the accused to object in the jury's presence); J.A. Bock, Annotation, *Calling or Offering Accused's Spouse as a Witness for Prosecution as Prejudicial Misconduct,* 76 A.L.R.2d 920, 923 (1961) (discussing various statutes relating to calling the accused's spouse as a witness); 8 John Henry Wigmore, Evidence in Trials at Common Law § 2243 at 259–61 (McNaughton revision, 1961) (noting disagreement in the courts on whether the jury should be allowed to draw an inference from the exercise of the marital privilege); *compare State v. Roby,* 128 Minn. 187, 191, 150 N.W. 793, 795 (1915) (holding the party desiring to compel the spouse to testify may at least call for the testimony and is not deprived of it until the party-spouse formally objects and claims the privilege) *and State v. Kampert,* 139 Minn. 132, 138–39, 165 N.W. 972, 975 (1918) (calling spouse in the presence of the jury, questioning defendant about his exercise of the privilege, and commenting about the privilege in closing arguments do not constitute reversible error) *with State v. Meadows,* 303 Minn. 76, 78–79,

226 N.W.2d 303, 305 (1975) (comments on defendant's exercise of marital privilege were erroneous, but not prejudicial). We decline to hold, contrary to *Roby* and other Minnesota case law, that calling Klosterboer's wife was per se reversible error.

■ After a thorough review of the record, we conclude the possibility that the jury was influenced by the prosecutor's mere calling of Klosterboer's wife as a witness was slight given that: (1) the discussions between counsel and court took place in chambers; (2) the marital privilege was not mentioned or invoked in the presence of the jury; (3) the prosecutor did not argue any inference should be drawn from the failure to testify; and (4) a cautionary instruction was given. *See State v. VanWagner,* 504 N.W.2d 746, 749 (Minn.1993) (prosecutorial misconduct is harmful, and grounds for reversal, if it played a significant or substantial part in influencing the jury to convict). Under these circumstances, the trial court properly denied the motion for a mistrial.

IV.

■ Decisions as to the admission of evidence rest within the sound discretion of the trial court. *State v. Naylor,* 474 N.W.2d 314, 317 (Minn.1991). A defendant claiming error in the trial court's reception of evidence must show a reasonable possibility the error may have contributed to the conviction. *State v. Kelly,* 435 N.W.2d 807, 813 (Minn. 1989).

a. *Sergeant Johnson's testimony concerning comments from Ms. Klosterboer.*

■ Sergeant Johnson testified that Klosterboer's wife admitted she, her husband, and two minor children had access to the funds and neither she nor her children took the money. Klosterboer argues admission of those hearsay statements was improper under Minn.R.Evid. 804(b)(5), and violated the confrontation clause and the marital privilege, U.S. Const. amend. VI, Minn. Const. art. 1, § 6, and Minn.Stat. § 595.02, subd. 1(a). We need not analyze whether admission was an error because Klosterboer can-

not demonstrate a reasonable possibility the error may have contributed to the conviction. The record demonstrates the admitted testimony matches statements made by Klosterboer to Sergeant Johnson and is consistent with Klosterboer's trial testimony. Under these circumstances, Klosterboer failed to show prejudice resulting from the admission of Sergeant Johnson's testimony concerning comments from Mrs. Klosterboer.

### b. Sergeant Johnson's testimony regarding Klosterboer's lack of explanation for missing funds.

Sergeant Johnson testified that Klosterboer, during a noncustodial interview, had no explanation for the missing gambling proceeds or missing pull-tab games. Klosterboer argues admission of that testimony infringes his right against self-incrimination. See U.S. Const. amend. V (no person shall be compelled in any criminal case to be a witness against himself); State v. Richardson, 514 N.W.2d 573, 578 (Minn.App.1994) (a defendant may not be impeached by his failure to offer alibi evidence at any time prior to trial).

The record demonstrates Klosterboer was not in custody during the two interviews, was not read his Miranda rights, did not assert his right to remain silent, made affirmative statements to the investigating officer, testified at trial, and did not offer an explanation for the missing funds at trial. See generally State v. Darveaux, 318 N.W.2d 44, 49 (Minn. 1982) (even use of post-Miranda silence is not unfair where defendant makes same statements to police); State v. Olsen, 359 N.W.2d 67, 69 (Minn.App.1984) (use of pre-arrest silence is not unconstitutional), pet. for rev. denied (Minn. Mar. 13, 1985). In addition, the testimony from the investigating officer did not contradict or impeach Klosterboer's trial testimony. See State v. Billups, 264 N.W.2d 137, 139 (Minn.1978) (a defendant may not be impeached by his failure to offer alibi evidence at any time prior to trial); Richardson, 514 N.W.2d at 578 (same). Under these circumstances, we conclude the trial court properly admitted the statements.

### c. Loan officers' testimony regarding Klosterboer's financial condition.

Three loan officers from separate banks testified that they denied Klosterboer's 1992 loan requests due to his poor financial condition. Klosterboer argues this evidence is irrelevant and was highly confusing to the jury. See Minn.R.Evid. 403 (evidence may be excluded if probative value substantially outweighed by danger of confusing or misleading jury); State v. Snipe, 304 N.W.2d 630, 631 (Minn.1981) (courts should use caution in admitting evidence of unemployment in theft cases).

We defer to the trial court's exercise of discretion in matters concerning the relevance of evidence. Uselman v. Uselman, 464 N.W.2d 130, 138 (Minn.1990); Krueger v. State Farm Fire & Casualty Co., 510 N.W.2d 204, 210 (Minn.App.1993). Evidence of Klosterboer's poor financial condition could be relevant to the issue of motive. See State v. Swain, 269 N.W.2d 707, 714 (Minn.1978) (admitting evidence not abuse of discretion because it bore on intent). Given our standard of review, we cannot say the trial court abused its discretion by admitting the testimony from the loan officers.

### d. Excluded evidence.

A criminal defendant must be afforded an opportunity to present a complete defense. California v. Trombetta, 467 U.S. 479, 485, 104 S.Ct. 2528, 2532, 81 L.Ed.2d 413 (1984); State v. White, 411 N.W.2d 196, 199 (Minn.App.1987), pet. for rev. denied (Minn. Oct. 21, 1987). Due process is violated and reversal is required if material, exculpatory evidence is not presented to the jury. Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963); State v. Brechon, 352 N.W.2d 745, 751 (Minn.1984).

Klosterboer argues the trial court improperly excluded exculpatory evidence. First, Klosterboer wanted to call the manager of the bonding company to testify that after an investigation into the missing gambling proceeds, the company decided not to pay on the bond. Second, Klosterboer attempted to call the bonding company's lawyer to testify that there was insufficient evidence available to

determine how much money was missing or who took it. Third, Klosterboer offered a letter from the prosecutor to the manager of the bonding company admitting it would be difficult to prove guilt in this case. And fourth, Klosterboer offered several letters from the Minnesota Department of Revenue to one of the taverns which revealed mathematical errors and late filings occurred after Klosterboer was terminated.

The decision to admit expert testimony is left to the trial court's discretion. *State v. Hall*, 406 N.W.2d 503, 505 (Minn. 1987). To be admissible, expert testimony must be helpful to the jury in reaching its decision. Minn.R.Evid. 702; *State v. Saldana*, 324 N.W.2d 227, 229 (Minn.1982). The trial court correctly concluded that whether the bonding company would pay on the bond was irrelevant to Klosterboer's guilt, and an attorney's assessment of evidence would not be helpful to the jury. *See* Minn.R.Evid. 701 (opinion testimony must be helpful to the determination of a fact in issue) and Minn. R.Evid. 702 (expert testimony allowed if it will assist trier of fact to determine a fact in issue). The trial court did not abuse its discretion by excluding the prosecutor's letter because it contained improper personal opinion, not party admissions. *See State v. James*, 520 N.W.2d 399, 405 (Minn.1994) (prosecutor may not express personal opinions to the jury). Finally, the trial court properly excluded the letters from the Minnesota Department of Revenue. The issue before the jury was missing pull-tab games and missing gambling proceeds, not bookkeeping errors. Thus, the offered evidence did not tend to make the existence of a material fact more likely. *See* Minn.R.Evid. 401 (evidence is relevant if it has any tendency to make the existence of any fact of consequence more or less probable.). The trial court did not abuse its discretion by excluding the offered evidence.

## DECISION

Venue was proper in Chippewa County because gambling proceeds were taken from Chippewa County taverns and Klosterboer's continuing activities in that county provide evidence of his intent to steal in Chippewa County. Given the evidence, a jury could reasonably conclude Klosterboer was guilty of theft. After reviewing the record, we conclude Klosterboer's marital privilege was not violated and any errors in evidentiary rulings are harmless.

**Affirmed.**